DOROTHY B. SCHUELER v. GOOD FRIEND NORTH CAROLINA
CORPORATION, TRADING AS GOOD FRIEND SHOP.

(Filed 3 February, 1950.)

**Negligence §§ 4f, 19b (2)—Res ipsa loquitur held applicable to collapse of chairs under exclusive control of store proprietor.**

> Evidence that plaintiff, a patron in a store, was invited to sit on one of a tier of four chairs attached together, that the chairs were of peculiar construction and unbalanced unless secured to the floor, and that when plaintiff sat down on one of the chairs and turned to deposit her purse in the next chair, the whole tier of chairs fell over backward, resulting in serious injury to plaintiff, *is held* sufficient to be submitted to the jury under the doctrine of *res ipsa loquitur*, since the chairs were under the exclusive control of defendant and such an accident presumably would not have occurred if due care had been exercised.

DEFENDANT's appeal from *Burgwyn, Special Judge,* May 30, 1949 Term, FORSYTH Superior Court.

*Womble, Carlyle, Martin & Sandridge for defendant, appellant.*

*Ratcliff, Vaughn, Hudson & Ferrell for plaintiff, appellee.*

SEAWELL, J. This is an action to recover damages for an injury sustained by plaintiff through the alleged negligence of the defendant while shopping in the latter's store in Winston-Salem. She complains that attracted by a window display she entered the store for the purpose of purchasing a child's suit, ascertained that they had the suit in the size she wanted, and was invited by the sales woman to occupy one of a tier of four seats while the merchandise could be brought for her inspection; and that because of the negligent construction of the seats, or negligent failure to properly attach them and secure them so as to prevent injury to those who occupied them, when she had taken her seat and turned to put her purse in the next vacant chair, the whole row of seats toppled over backward, causing her great pain and permanent injury to her spine, which injury she describes in detail.

The answer denies the substantial allegations of the complaint and sets up the defense that plaintiff either wholly caused, or contributed to, her injury through her negligence in throwing her weight against the back of the chair in which she took her seat, causing it to topple over backward with the resultant injury.

The defendant offered no evidence on the trial, but demurred to that of the plaintiff and moved for judgment of nonsuit, which was declined, and defendant excepted. The formal objections and exceptions to the refusal to set aside the verdict and to the ensuing judgment, preserve, for consideration on appeal, the exception to the legal sufficiency of plaintiff's evidence to sustain the verdict; and that is the only question presented by the appeal.

Substantially summarized the plaintiff's evidence is as follows:

On the day of her injury the plaintiff entered the store to purchase a child's suit and inquired of the saleswoman in charge if they had in stock a suit of the size she wanted. She was informed that they had and the saleswoman invited her to have a seat in a chair which was in a tier of four similar chairs attached together. The chairs were of iron construction with a wooden back and seat which seat could be folded up when not occupied. The plaintiff sat down in one of the chairs on the end of the tier and turned to deposit her purse in the next chair, which was empty. Thereupon the whole row of chairs toppled over backward, throwing her violently upon the floor of the store, inflicting an injury to her spine and causing her great pain. Finding that she could not lift herself, she had medical attention in the store and was carried by ambulance to the hospital.

The plaintiff further testified that a week before the injury she went into defendant's store to buy for her little girl a sweater and skirt and at that time occupied a seat in the same row of chairs. They were at that time attached to the floor. She knew this because she tried to move them and could not. She further testified that on the day of her injury: "Four of those chairs are pretty heavy. They were not on rollers or anything like that. It is practically a physical impossibility for the chairs to balance themselves without being screwed to the floor. They have a small base and are larger at the top than at the bottom, so they must be secured to the floor to balance. The legs of each of the four chairs are approximately 15 or 18 inches apart at the bottom. By that, I mean that the front leg of each chair was approximately 15 or 18 inches from the back leg of each chair. The chairs slant back. I believe the seat of the chair was more than 15 or 18 inches wide. It was unbalanced in construction."

There is no other evidence relating to the issue of negligence.

15—231

The defendant denies to this occurrence the application of the doctrine *res ipsa loquitur.* All the elements necessary to its interposition are present. The tier of chairs was in the complete control of the defendant; under the circumstances "the accident presumably would not have happened if due care had been exercised." *Jones v. Bland,* 182 N.C. 70, 108 S.E. 344; *Womble v. Grocery Co.,* 135 N.C. 474, 47 S.E. 493; *Stewart v. Carpet Co.,* 138 N.C. 60, 50 S.E. 562.

The instant case is strikingly similar to *Womble v. Grocery Co., supra,* and *Stewart v. Carpet Co., supra,* in the fact that all three deal with facilities furnished by the defendants, and in their control; in the two cited cases, elevators for travel, or use by the employees; in the instant case chairs, of a peculiar construction, for the use of invitees in resting. To make a difference in principle would nullify the reasoning of the rule and make it a matter of arbitrary application.

In *Clark-Davills, Inc., v. Deathe,* 131 S.W. 2d 1091, the facts were similar to those in the case at bar. Mrs. Deathe, an invitee of the mercantile company, sat down in one of six chairs placed for customers' use around a table on which fashion books were placed. The chair collapsed and threw her to the floor. The Court observed in applying the rule:

> "The chair was in the exclusive control and management of appellant. The accident was such, under the evidence, as in the ordinary course of events does not happen, if those who have the control and management use proper control."

In *Harries v. Bond Stores,* 231 Mo. App. 1053, 84 S.W. 2d 153, in a case factually on all fours with the instant case, the Court said:

> "The defendant had the ownership, management, and control of the chair, and had full opportunity to inspect the chair and ascertain its actual defective condition, and had it fulfilled its duty it would not have allowed it to become in such defective condition that it would have injured one of its customers who was invited to sit in it."

The defendant did not pursue its further defense as to contributory negligence, and did not except to the issues as submitted.

The evidence was properly submitted to the jury, and their answer to the issues must stand.

We find

No error.