VIOLA C. LEONARD v. BAKER'S SHOE STORE, INC., AND NORTH CAROLINA FURNITURE, INC.

(Filed 6 May, 1964.)

**Negligence § 37f—**

Evidence tending to show that the seat of the chair in which plaintiff was sitting tilted forward, causing plaintiff to fall to the floor of defendant's store, that the seat of the chair tilted because two screws holding the seat at its rear were broken, that the heads of the screws were still countersunk after the accident, and that when plaintiff sat down the seat of the chair was apparently in good condition, without evidence that an inspection would have revealed any defect, *is held* insufficient to overrule nonsuit.

APPEAL by plaintiff from *Shaw, J.,* 11 November 1963 Regular Civil Session, Greensboro Division of GUILFORD.

This is an action to recover for personal injuries allegedly sustained when plaintiff sat sideways in a chair in defendant's shoe store. She occupied approximately the front one half of the seat. After she had been seated in that manner for between two and four minutes, the back of the seat came loose and the seat tilted forward and the plaintiff fell to the floor. The chair in which plaintiff was seated was one of a tier

of four chairs fastened together. When the plaintiff fell, the chair in which she was seated did not topple over but remained on its legs.

The chair complained of had been in use approximately six months and there had been no previous difficulty with any of the chairs. The chair was manufactured by North Carolina Furniture, Inc. The seat of the chair was fastened to the frame by four screws, two screws being in front and two in the back. After the alleged accident, it was found that the two rear screws were broken. The heads of the front and rear screws were still countersunk about one-eighth of an inch below the surface of the wood. When the plaintiff sat down in the chair the seat was apparently in good condition.

. At the close of plaintiff's evidence North Carolina Furniture, Inc. moved for judgment as of nonsuit. The motion was allowed. At the close of all the evidence the defendant shoe store moved for judgment as of nonsuit. The motion was allowed and from this last ruling only the plaintiff appeals, assigning error.

*Younce & Wall for plaintiff appellant.*
*Jordan, Wright, Henson & Nichols for defendant appellee.*

PER CURIAM. The appellant insists that on authority of *Schueler v. Good Friend Corp.*, 231 N.C. 416, 57 S.E. 2d 324, 21 A.L.R. 2d 417, she is entitled to a reversal of the judgment as of nonsuit entered below.

In the *Schueler* case the entire tier of chairs turned over backwards when the plaintiff sat down and turned to place her purse in an adjoining chair. Moreover, there was evidence that the chairs had been fastened to the floor when the plaintiff had previously visited the store with one of her children about a week earlier. There also was evidence tending to show that the chairs were top-heavy and unbalanced and were not safe unless fastened to the floor.

In the instant case, there is no evidence tending to show that an inspection by the defendant would have revealed any defect or weakness in the chair involved.

We hold that plaintiff failed to establish actionable negligence on the part of the defendant.

Affirmed.