AUSTIN CHERRY v. JESSIE SMALLWOOD

No. 696SC411

(Filed 17 December 1969)

**Automobiles §§ 44, 50— vehicle leaving road without apparent reason — driver negligence — res ipsa loquitur**

In this action for personal injuries sustained by plaintiff while riding as a guest passenger in an automobile driven by defendant, plaintiff's evi-

dence tending to show that the automobile left the highway for no apparent reason and wrecked *is held* sufficient to make out a *prima facie* case for the jury on the issue of the driver's negligence, notwithstanding there was no evidence as to what road was involved, or whether the road was wet or dry, paved or unpaved, and there was no evidence relating to defects in the road, mechanical defects in the vehicle, speed of the vehicle or illness of the driver.

APPEAL by plaintiff from *Bundy, J.,* at the May 1969 Session of Superior Court held in BERTIE County.

This is an action to recover for personal injuries alleged to have been sustained by plaintiff, Austin Cherry, on 3 September 1967 while riding as a guest passenger in an automobile owned and operated by the defendant, Jessie Smallwood. Plaintiff alleges that defendant was actionably negligent in the operation of the automobile proximately resulting in injury to plaintiff.

At the close of plaintiff's evidence, defendant's motion for nonsuit was granted. From judgment dismissing the action, plaintiff appeals.

*Jones, Jones & Jones by A. B. Harrington, Jr., for plaintiff appellant.*

*Cherry & Cherry by Thomas L. Cherry for defendant appellee.*

MALLARD, C.J.

Plaintiff's evidence tended to show these facts: On the night of 3 September 1967 plaintiff, while riding in the front seat of an automobile owned and operated by the defendant who was his brother-in-law, was injured. There were two other persons in the back seat of the automobile. Defendant, as an adverse witness for plaintiff, testified:

"I was on the way taking my brother-in-law home and the other two fellows and I was driving along and the first thing I knew the car pulled over in the ditch, and I stepped on the gas to try to pull it back over in the road and I went over.

I don't know whether there was anything mechanically wrong with my automobile, but I feel like it was. I have not found anything mechanically wrong with the automobile since the wreck because I haven't checked it. At the time of this incident, my car had three tires in good shape and one was just a little faulty, but it won't bald. It had a little tread on it.

I was not talking to the passengers in my automobile just before I ran off the road. . . .

I was familiar with this road, the shape of the road, and where the curves were located. Where I ran off the road I was in a sharp curve. I do not know whether the road curved to my left or my right. I don't remember whether I ran off the road on my right side or on my left-hand side."

On cross-examination the defendant, in replying to the question of what caused him to run off the road, said:

"Well, there was some sand down there, you know, where people had been going toward the road pulling the sand over. That is what I figured that it was, the sand."

The plaintiff testified:

"Jessie Smallwood was talking to Chestnut Bonds and Jessie told him, 'You ought to be a lawyer, you talk so much.' About that time, the car went like that and it ran off the road and turned over on me. I don't know whether Jessie looked back when he was talking to Chestnut Bonds or not."

There was no evidence as to what road was involved or whether the road was wet or dry, paved or unpaved. Neither was there any evidence of defects in the road, mechanical defects in the vehicle, speed of the vehicle, or illness of the driver.

In the case of *Greene v. Nichols*, 274 N.C. 18, 161 S.E. 2d 521 (1968), Justice Sharp said:

"When a motor vehicle leaves the highway for no apparent cause, it is not for the court to imagine possible explanations. *Prima facie*, it may accept the normal and probable one of driver-negligence and leave it to the jury to determine the true cause after considering all the evidence — that of defendant as well as plaintiff."

Applying the above rule, we are of the opinion and so hold that the trial judge committed error in allowing the defendant's motion for judgment as of nonsuit.

Reversed.

MORRIS and HEDRICK, JJ., concur.