JULIA WARD CURRY v. JAMES BROWN

No. 704SC184

(Filed 24 June 1970)

1. **Automobiles § 56—    accident case — hitting car stopped on highway — sufficiency of evidence**

Evidence presented by plaintiff, who was a guest passenger in the automobile driven by defendant, *held* insufficient to permit a jury finding of defendant's negligence in the accident resulting in injuries to plaintiff, where the evidence was to the effect that (1) defendant, driving within the speed limit, was following a station wagon in the extreme right-hand lane of a four-lane road; (2) as the two cars approached a curve the driver of the station wagon abruptly stopped upon being confronted

with a truck that was parked in the curve in their lane of travel; (3) defendant applied his brakes and turned his car into the left or inside lane, thereby successfully avoiding the station wagon but colliding with a hitherto unseen automobile that was parked in the inside lane beside the truck.

**2. Automobiles § 11—    presumption of negligence in rear-end collision — hitting unseen car on curve**

The rule that the mere fact of a rear-end collision with the car ahead may furnish some evidence that the following motorist was negligent as to speed, following too closely, or failing to keep a proper lookout, *held* inapplicable in the case where the following motorist, in order to avoid a rear-end collision with a station wagon that had stopped abruptly on the curve of a four-lane highway, pulled over into the inside lane and collided with a hitherto unseen car that was parked in the inside lane.

**3. Automobiles § 44—    res ipsa loquitur — hitting vehicle parked on curve of highway**

The doctrine of *res ipsa loquitur* was inapplicable in the case where the driver of a following automobile, in order to avoid a rear-end collision with a station wagon that had stopped abruptly on the curve of a four-lane highway, pulled over into the inside lane and collided with a hitherto unseen car that was parked in the inside lane.

**4. Witnesses § 9—    examination of opposing counsel's notes used in cross-examination**

Trial court's refusal to compel defense counsel to furnish for inspection by plaintiff's counsel a written statement used by defense counsel in cross-examining the plaintiff, the statement purportedly having been signed by plaintiff, *held* not prejudicial in this automobile accident case.

APPEAL by plaintiff from *Cowper, J.,* 10 November 1969 Civil Session of ONSLOW Superior Court.

Plaintiff, a guest passenger riding in defendant's automobile, brought this civil action to recover damages for personal injuries which she alleges were caused by defendant's negligence when he drove his automobile into the rear of another vehicle. Plaintiff alleged that defendant was negligent in driving at an excessive speed, to wit, 55 miles per hour in a 35 mile per hour speed zone, in failing to keep a proper lookout, in failing to keep his automobile under proper control, and in other respects. Defendant denied negligence on his part.

At the trial plaintiff testified in substance as follows: She had known defendant for some time, and when he would see her he would give her a lift. On 2 August 1967 at about 4:30 or 5:00 p.m., she was walking along Bell Fork Road and saw defendant and he picked her up. She was seated on the front seat in the right-hand side and there were no other passengers in the car. Defendant was

traveling in a westerly direction and Bell Fork Road had two traffic lanes on the right and two traffic lanes on the left. Plaintiff didn't recall anything else until she woke up in a hospital. On the following day defendant visited her in the hospital and said he hit a car in the back.

The only other evidence presented concerning the collision was the adverse examination of the defendant, which plaintiff had taken prior to the trial and which was read to the jury. In this, defendant testified as follows:

"This accident took place at about 5:00 p.m. I picked up Julia Curry on Highway 24. I was traveling at approximately 35 miles per hour.

"I was traveling on Bell Fork Road behind another car and I didn't know a truck was parked in front of me and the car threw on brakes and I swerved on the left to miss him and there was a parked car. I couldn't see it. The curve was to my right. Due to the fact the van was in the curve, I wasn't able to stop. All I know is when the man threw on the brakes, and I threw on my brakes, and cut out, you know to go around him. There were two traffic lanes in the direction I was going. I was in the far right traffic lane next to the shoulder. The car was proceeding in the same direction I was traveling in. I do not know how close I was to their car, I wasn't on him, but I saw his taillights come on and I put on brakes and swerved to the left. I swerved to the left like anybody else would do. I just guess it was driver's instinct. I did not lose control of the car I was driving. I struck a 1963 or 1964 Chevrolet. This Chevrolet was in the left lane on the side of the truck and I struck the Chevrolet in the back."

\*     \*     \*     \*     \*

"It is not a fact that I applied brakes and swerved to the left lane because I was coming upon the car too fast to slow down and stop before hitting it."

\*     \*     \*     \*     \*

"I tried to stop from hitting the car.

"I didn't see the car that I struck when I pulled into the left lane, and I didn't know there was a car parked there and before I pulled out, I looked but I couldn't see the car. You always try to find out what is around the curve. I didn't know the car was parked there. I looked but I couldn't see."

\*     \*     \*     \*     \*

"The curve I was going around when the accident happened curved to the right. I was following another vehicle. I don't know for how long I had been following the station wagon, I know a good distance.

"When I applied brakes and cut to the left lane, the accident happened pretty quick. I found out that there was no one occupying that van and there was no warning of any kind that the truck was parked in the road and because the road was curving to the right, I was unable to see the car in the left lane."

\*     \*     \*     \*     \*

"I don't think that the station wagon which was in front of me struck the van."

At the close of plaintiff's evidence, defendant's motion for nonsuit was allowed, and plaintiff appealed.

*Joseph C. Olschner for plaintiff appellant.*

*Marshall, Williams & Gorham, by Lonnie B. Williams for defendant appellee.*

PARKER, J.

[1]    Plaintiff's evidence, considered in the light most favorable to her and giving her benefit of every inference which may reasonably be drawn, was insufficient to permit a jury finding of any negligence on the part of defendant. The evidence discloses that defendant, while driving within the speed limit and following a station wagon in the extreme right-hand lane of a four-lane road, came to a curve to his right; that the driver of the station wagon "threw on the brakes" when confronted by a truck or van parked in the curve in their lane of travel; that defendant thereupon also applied his brakes and turned his car into the left or inside lane for traffic moving in his direction; that he was then suddenly confronted with a Chevrolet parked in the inside lane beside the van, and which he had been unable to see previously because of the curve and the parked van. Nothing in this evidence indicates that defendant was driving at excessive speed, failed to keep a proper lookout, failed to keep his car under proper control, was following too close, or was negligent in any respect.

[2, 3]    It should be noted that the present case does not present a situation in which a following motorist collides with the rear of a vehicle moving ahead in the same direction. In certain of such cases, the mere fact of a rear-end collision with the car ahead may furnish

some evidence that the following motorist was negligent as to speed, following too closely, or failing to keep a proper lookout. *Clontz v. Krimminger*, 253 N.C. 252, 116 S.E. 2d 804. In the present case, however, all of the evidence establishes that defendant successfully avoided striking the station wagon which had been moving ahead of him and which stopped abruptly on coming upon the parked van. The collision occurred only when defendant, after successfully avoiding the station wagon, suddenly came upon the Chevrolet parked in the inside traffic lane. Thus the present case presents a very different situation than usually presented in the rear-end collision cases involving two vehicles moving in the same direction. Even in those cases the rule stated in *Clontz* is by no means to be mechanically applied. "Whether in a particular case there be sufficient evidence of negligence to carry that issue to the jury must still be determined by all of the unique circumstances of each individual case, the evidence of a rear-end collision being but one of those circumstances." *Racine v. Boege*, 6 N.C. App. 341, 169 S.E. 2d 913. "Where plaintiffs' evidence shows there was no negligence as to speed, lookout and close following, or that negligence in these respects could not have been a proximate cause of the collision and damage, the rule stated in the *Clontz* case does not apply." *Jones v. Atkins Co.*, 259 N.C. 655, 131 S.E. 2d 371. Such was the situation disclosed by the evidence in the case presently before us. The mere happening of the collision under the circumstances shown by the evidence in this record furnishes no basis for drawing any inference of negligence on the part of defendant and the principle announced in *Greene v. Nichols*, 274 N.C. 18, 161 S.E. 2d 521, does not apply. In that case our Supreme Court held that when an automobile leaves the highway without apparent cause and inflicts injury, an inference of the driver's actionable negligence arises which will take the case to the jury, the doctrine of *res ipsa loquitur* being applicable. In our opinion no such inference of driver negligence arises from the facts shown by plaintiff's evidence in the present case, and the judgment of nonsuit was properly entered.

[4]    While plaintiff was testifying on cross-examination, defendant's counsel asked her a question concerning a prior written statement given by her. Plaintiff's counsel asked to see the statement, and now assigns as error that the trial judge failed to direct that the statement be given to him for examination, citing *Warren v. Trucking Co.*, 259 N.C. 441, 130 S.E. 2d 885. In that case plaintiff's counsel, while cross-examining a defendant witness, presented to the witness a photostatic copy of a written statement which had been previously given and signed by the witness and asked the witness

both to identify his signature and to read portions of the statement which were inconsistent with the testimony of the witness at the trial. Our Supreme Court held that under such circumstances it was error for the trial judge to refuse the request of defendant's counsel to see the statement, even though the statement was not introduced in evidence. In the present case it is not altogether clear from the record before us whether the written statement referred to was in possession of defendant's counsel while he was cross-examining the plaintiff or even whether the statement was present in the court-room at any time during the trial. Therefore, on the record before us the question presented in the *Warren* case does not clearly arise. It is clear, however, that plaintiff's entire testimony, including her testimony given on cross-examination, bore no relationship whatso-ever to the issue of defendant's negligence, since plaintiff was unable to recall anything concerning the collision or the relevant events leading up to it. Since nonsuit was properly entered because of plaintiff's failure to present sufficient evidence on the issue of de-fendant's negligence, error, if indeed any was committed, in failing to compel defendant's counsel to furnish the statement for inspec-tion by plaintiff's counsel, could not have had any prejudicial effect on this appeal. The judgment appealed from is

Affirmed.

CAMPBELL and VAUGHN, JJ., concur.