JOHN HENRY LASSITER, ADMINISTRATOR OF THE ESTATE OF WILLIAM BOBBIE LASSITER, DECEASED v. DELPHINE G. JONES, ADMINISTRATRIX D.B.N. OF THE ESTATE OF THOMAS AUGUSTUS LASSITER, III, DECEASED, AND DICKERSON, INC.
— AND —
JOHN HENRY LASSITER, ADMINISTRATOR OF THE ESTATE OF DENNIS ALLEN LASSITER, DECEASED v. DELPHINE G. JONES, ADMINISTRATRIX D.B.N. OF THE ESTATE OF THOMAS AUGUSTUS LASSITER, III, DECEASED, AND DICKERSON, INC.

No. 701SC162

(Filed 24 June 1970)

1. Negligence § 6— res ipsa loquitur — applicability of doctrine

To invoke the doctrine of *res ipsa loquitur*, a plaintiff must show that an instrumentality was in the exclusive control of the defendant and

that the accident is such as does not occur in the ordinary course of things if the person having control of the instrumentality uses proper care.

**2. Automobiles § 66— identity of driver — proof**

The identity of the driver of a vehicle may be established by circumstantial evidence.

**3. Automobiles § 42— accident on bridge — defective railing**

As a general rule, a defective bridge railing will not be considered as the probable reason that a car might run off a bridge.

**4. Automobiles § 44— res ipsa loquitur — car running off bridge**

Doctrine of *res ipsa loquitur* was applicable to raise *prima facie* case of negligence against the driver of an automobile that ran through the railing of a temporary bridge and sank in a millpond.

APPEAL by defendant administratrix Delphine G. Jones from *Mintz, J.,* October 1969 Civil Session of Superior Court held in GATES County.

On 26 December 1967 plaintiff's intestate William Bobbie Lassiter, age 15, and plaintiff's intestate Dennis Allen Lassiter, age 16, were riding as guest passengers in an automobile being operated by their older brother, defendant's intestate, Thomas Augustus Lassiter, III (Thomas). The two younger brothers had no driver's license, but Thomas did have a driver's license. The boys were last seen alive at 1:00 a.m. with Thomas driving the car. They were found the next morning at 7:00 a.m. in the Green Mill Pond. The car had run off the road, through the temporary barrier on the temporary bridge, and into the pond. When found, the car was totally submerged and Thomas was found in the driver's seat. Plaintiff administrator filed suit against defendant administratrix and against Dickerson, Inc., which built the temporary bridge and railing, alleging concurrent negligence. A voluntary nonsuit was taken as to the defendant Dickerson, Inc., and the cases were submitted to the jury on the issues of the negligence of defendant's intestate, Thomas.

The cases were consolidated for trial, and upon the verdict and judgment for the plaintiff administrator in each case, defendant administratrix appealed to the Court of Appeals.

*Jones, Jones & Jones by L. Bennett Gram, Jr., for plaintiff appellee.*

*Leroy, Wells, Shaw, Hornthal & Riley by L. P. Hornthal for defendant appellant.*

MALLARD, C.J.

Plaintiff administrator in each case alleged that the defendant's intestate Thomas was negligent in the operation of the automobile in causing the automobile to leave the road and "drove the said automobile into the right-hand temporary bridge railing and into the mill pond whereby the automobile was totally submerged in water and plaintiff's intestate was killed." The plaintiff administrator invoked the evidentiary doctrine of *res ipsa loquitur* to support this allegation. The plaintiff administrator also alleged that the defendant Dickerson, Inc., was negligent in the construction of the temporary bridge and railing and that the negligence of Dickerson, Inc., "concurred and combined" with the negligence of Thomas to proximately cause injury to the plaintiff's intestates. Plaintiff administrator took a voluntary nonsuit as to defendant Dickerson, Inc.; and the case was sent to the jury as to the negligence of defendant's intestate, Thomas.

The doctrine of *res ipsa loquitur* is an evidentiary rule which is expressed as follows:

> " 'When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the control of it use the proper care, it furnishes evidence, in the absence of explanation by the defendant, that the accident arose from want of care.' When this combination of circumstances exists it is said that *res ipsa loquitur* — the thing speaks for itself." Stansbury, N.C. Evidence 2d, § 227.

It has been held by our court in *Greene v. Nichols*, 274 N.C. 18, 161 S.E. 2d 521 (1968), that when an automobile leaves the road for unexplained reasons, the doctrine of *res ipsa loquitur* arises so as to create a *prima facie* case of negligence against the driver of the automobile. See also *Cherry v. Smallwood*, 7 N.C. App. 56, 171 S.E. 2d 83 (1970).

[1]  To invoke the doctrine, a plaintiff must show that the instrumentality was in the exclusive control of the defendant and that the accident is such as does not occur in the ordinary course of things if the person having control of the instrumentality uses proper care. *O'Quinn v. Southard*, 269 N.C. 385, 152 S.E. 2d 538 (1967).

[2]  In the trial of the case the plaintiff administrator offered no evidence as to the negligent construction of the temporary bridge railing and took a voluntary nonsuit as to defendant Dickerson, Inc. The evidence in the case demonstrated that the inference could be drawn that the deaths of plaintiff's intestates were proximately

caused by the negligent operation of the automobile by Thomas. The identity of the driver of a vehicle may be established by circumstantial evidence. *Greene v. Nichols, supra.*

[3]    As a general rule, a defective bridge railing will not be considered as the probable reason that a car might run off a bridge. *Love v. Asheville,* 210 N.C. 476, 187 S.E. 562 (1936).

In the application of the doctrine of *res ipsa loquitur,* it is not necessary that the plaintiff show conclusively that driver negligence was the sole proximate cause of the injury. *Greene v. Nichols, supra.* Plaintiff administrator alleged that driver negligence was a proximate cause of the deaths of his intestates. The evidence offered demonstrated that this conclusion could reasonably be drawn. It is clear in this case that the negligence, if any, of defendant Dickerson, Inc., in constructing the bridge and railing, did not cause the car operated by Thomas to run off the "thread of the road."

> "If a person's negligence is in any degree a proximate cause of the injury, he may be held liable, since he may be exonerated from liability only if the total proximate cause of the injury is attributable to another or others." 6 Strong, N.C. Index 2d, Negligence, § 10.

[4]    The evidence, taken in the light most favorable to plaintiff, shows that the exclusive control of the car was in defendant's intestate Thomas and that the car ran off the road through the guard rail and into the pond. This is not a normal occurrence without negligence on the part of the driver. The doctrine of *res ipsa loquitur* properly applies.

.    In this case the defendant administratrix contends that the evidence of plaintiff administrator was conflicting as to whether there was ice or frost on the bridge. There was no evidence presented in this case as to whether there was ice on the bridge *at the time* the car.ran off the road into the mill pond. There was no evidence as to skidding, and the general condition of the road is unknown. There was evidence that sometime prior to the occurrence the roadway was dry. There is no merit in defendant administratrix's contention. See *Cherry v. Smallwood, supra.*

We have reviewed all other assignments of error set forth by defendant administratrix and find no merit in them.

Affirmed.

., MORRIS and GRAHAM, JJ., concur.