LENORA HUSKETH, PLAINTIFF v. CONVENIENT SYSTEMS, INC., D/B/A MAYBERRY ICE CREAM SHOPPE, DEFENDANT AND THIRD PARTY PLAINTIFF v. FOODCRAFT EQUIPMENT COMPANY, INC., THIRD PARTY DEFENDANT AND FOURTH PARTY PLAINTIFF v. L & B PRODUCTS CORPORATION, FOURTH PARTY DEFENDANT

No. 7714SC157

(Filed 7 February 1978)

**Negligence § 57.2— fall from barstool—insufficient evidence of negligence**

In an action to recover for personal injuries allegedly sustained by plaintiff when she fell from a barstool in defendant's establishment, the trial court properly directed a verdict for defendant since plaintiff's evidence that an acci-

dent occurred and that the top of the stool was at an angle to the pedestal after the accident was not sufficient to show the nature of a defect, if any, in the stool prior to plaintiff's sitting upon it; plaintiff's evidence raised no inference that a reasonable inspection by defendant would have disclosed any defect; and the doctrine of *res ipsa loquitur* was inapplicable.

Judge WEBB dissenting.

APPEAL by plaintiff from *Barbee, Judge.* Judgment entered 29 September 1976 in Superior Court, DURHAM County. Heard in the Court of Appeals on 9 January 1978.

Civil action wherein plaintiff seeks damages of $50,000 for personal injuries allegedly sustained when she fell from a barstool in defendant's establishment. In its answer defendant, Convenient Systems, Inc., denied any negligence on its part and alleged the plaintiff's contributory negligence as a defense. Defendant also filed a third party complaint alleging that the installation of the stools by Foodcraft Equipment Co., Inc., was the source of any negligence found. The third party defendant filed a complaint against the manufacturer, L & B Products Corp., alleging its liability for any negligence found.

At trial the plaintiff offered evidence tending to show the following: Defendant is the owner and operator of the Mayberry Ice Cream Shoppe in Durham, North Carolina. In 1971 Emma Clinard was employed as the manager of the establishment. During the summer of 1971 while Clinard and some of her employees were cleaning the premises, they discovered that two of the counter stools were loose. They immediately removed the tops of the stools from the pedestals which were secured to the floor, and had them repaired. Clinard had received complaints of children spinning the tops of the stools at various times, and on each such occasion, she made them cease. At approximately 1:00 p.m. on the afternoon of 2 September 1971, the plaintiff and a companion went to the Mayberry Ice Cream Shoppe to eat lunch. They waited for a table, but when none appeared vacant they decided to sit on stools at the counter. The plaintiff approached the counter, and as she sat on her stool, the top of the seat "flipped" her onto the floor. She landed on her back and buttocks. While she was on the floor she observed that the seat was hanging at an angle from the pedestal of the stool. Clinard, who was informed of the accident, inquired of the plaintiff as to any injuries and in-

structed her that if she required any medical attention that the defendant would assume the costs. Plaintiff and her friend moved to other stools, and finished their lunch. The following day the plaintiff felt pain in her back and legs. She left her job and went to the emergency room of the hospital where she was examined by a doctor. She then returned to the store and gave the hospital bill to Clinard. On this occasion, according to plaintiff's testimony Clinard and the plaintiff had a conversation. The plaintiff's recollection of the conversation, which was admitted for impeachment purposes only, is as follows:

> Mrs. Clinard told me that she was sorry that I got hurt, that they had been having problems with the stools, and that the children came in and turned the tops. They had been having problems and she asked the company to fix them, and that they hadn't done anything about them up until that time.

From a judgment directing a verdict for the defendant, Convenient Systems, Inc., plaintiff appealed.

*Powe, Porter, Alphin & Whichard, by Charles R. Holton, for the plaintiff appellant.*

*Haywood, Denny & Miller, by George W. Miller, Jr., for the defendant appellee.*

HEDRICK, Judge.

Plaintiff contends that the trial court erred in directing a verdict for defendant. When all plaintiff's evidence, including that excluded by the court as being corroborative only, is considered in the light most favorable to plaintiff, it is insufficient in our opinion to raise an inference of actionable negligence on the part of defendant.

The plaintiff argues that the defendant was negligent in failing to inspect the stool from which she fell, and in failing to correct or warn of an alleged defect which caused the accident. While the evidence discloses that two of the stools were loose on their pedestals at an earlier time, there is no evidence whatsoever of any defect existing prior to the accident in the stool from which the plaintiff fell. Plaintiff's testimony that when she sat upon the stool "it flipped me backwards onto the floor" and

that "[a]fter I landed on the floor, the top of the seat hung at an angle on the pedestal," without more, is not sufficient to raise an inference as to the nature of a defect, if any, in the stool prior to plaintiff's sitting upon it; and thus, no inference is raised that a reasonable inspection by the defendant would have disclosed any defect. Accordingly, there is no evidence in this record from which a jury could find that the defendant was negligent in failing to inspect the stool or in failing to correct or warn of an alleged defect which caused the accident.

Plaintiff urges that the doctrine of *res ipsa loquitur* is applicable to the facts of this case. In order to invoke the aid of this doctrine, the plaintiff must show "(1) that there was an injury, (2) that the occurrence causing the injury is one which ordinarily doesn't happen without negligence on someone's part, (3) that the instrumentality which caused the injury was under the exclusive control and management of the defendant." *Jackson v. Gin Co.*, 255 N.C. 194, 197, 120 S.E. 2d 540, 542 (1961). Plaintiff relies upon *Schueler v. Good Friend Corp.*, 231 N.C. 416, 57 S.E. 2d 324 (1950), to support this contention. In *Schueler* a tier of chairs overturned causing the plaintiff's injuries. There was evidence that the chairs were uniquely constructed in that the tops were larger than the bases causing them to be top-heavy and requiring that they be bolted to the floor in order to remain upright. Furthermore, the plaintiff's evidence in *Schueler* disclosed that a week before the occurrence the tier of seats had been secured to the floor. Thus, there was evidence available from which an inference could be drawn as to why the seat fell when plaintiff sat upon it. From this evidence the court concluded that " 'the accident presumably would not have happened if due care had been exercised.' " *Schueler v. Good Friend Corp., supra* at 418, 57 S.E. 2d at 325. We cannot come to the same conclusion in the present case.

The case of *Smith v. McClung*, 201 N.C. 648, 161 S.E. 91 (1931), provides a more fitting analogy in terms of the quantum of evidence presented. In that case while the defendant dentist was injecting novocaine into the gum of the plaintiff, the point of the needle broke off causing injury to plaintiff. The case was submitted to the jury which found the defendant negligent. On appeal the Supreme Court reversed the trial court's denial of defendant's motion for nonsuit. In holding that the doctrine of *res ipsa loquitur* was inapplicable the Court reasoned: "There is nothing

tending to indicate there was any defect in the needle or that if any defect existed the same could have been discovered by the most rigid inspection." *Smith v. McClung, supra* at 652, 161 S.E. at 93. The Court's observation in *Smith* is equally applicable to the present case. The plaintiff's case is devoid of any evidence that there was any defect in the stool or that, if any defect existed, it could have been discovered by a reasonable inspection.

In *Springs v. Doll,* 197 N.C. 240, 242, 148 S.E. 251, 253 (1929), the Supreme Court stated that the doctrine would not apply "where the existence of negligent default is not the more reasonable probability, and where the proof of the occurrence, without more, leaves the matter resting only in conjecture . . . ." *See also Lane v. Dorney*, 250 N.C. 15, 108 S.E. 2d 55 (1959), rev'd on other grounds on rehearing, 252 N.C. 90, 113 S.E. 2d 33 (1960). The only evidence furnished by the plaintiff tends to show that an accident occurred and that the top of the stool was at an angle to the pedestal after the accident. From this evidence we cannot say that the defendant's negligence was the more probable cause of plaintiff's fall from the stool. The doctrine of *res ipsa loquitur* is inapplicable to the facts of this case.

The judgment directing a verdict for the defendant is affirmed.

Affirmed.

Judge BRITT concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent from the majority opinion and vote to reverse. I differ with the majority in that I believe there was sufficient evidence from which the jury could conclude that there was a defect in the stool from which the plaintiff fell and that this defect was known to the defendant. The testimony of the plaintiff as quoted in the majority opinion is that the defendant had been having problems with the stools, and that Mrs. Clinard had reported this to the company. I believe that this evidence of trouble with the stools is such that the jury could infer that it included the stool from which the plaintiff fell.