William J. ENGLAND, Appellant,

v.

Frederick A. DOWNEY, Appellee.

No. 78–1322.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 16, 1978.

Decided Jan. 5, 1979.

John R. Ward, Hedberg, Brick, Funaro, Pratt, Tan & Ward, Des. Moines, Iowa, for appellant.

Henry A. Harmon, Grefe & Sidney, Des Moines, Iowa, for appellee.

Before STEPHENSON and McMILLIAN, Circuit Judges, and ROBINSON, Senior District Judge.*

McMILLIAN, Circuit Judge.

Appellant William J. England, plaintiff below in a personal injury suit, appeals from the judgment directed for appellee Frederick A. Downey by the district court. For reversal, he argues that there was sufficient evidence of appellee's negligence to warrant submission of the case to the jury. We agree with the district court [1] that there was insufficient evidence and affirm the judgment.

On August 31, 1974, appellant was a passenger in a truck driven by appellee, Frederick Downey. He was injured when the truck ran off the road and overturned. The accident occurred on an Air Force/Army base in North Carolina where both men were in the Air Force. Appellant filed this action on December 1, 1975, in the district court seeking $120,000 damages against appellee for negligently failing to keep a proper look-out and for negligently failing to keep proper control of the vehicle. Jurisdiction is based on diversity of citizenship [2] and, according to the terms of the pre-trial stipulation, North Carolina law governs.

At trial appellant's evidence of appellee's negligence consisted of a military police

* The Honorable Richard E. Robinson, United States Senior District Judge for the District of Nebraska, sitting by designation.

1. The Honorable William C. Hanson, Senior District Judge, United States District Court for the Southern District of Iowa.

2. Appellant, William England, is a citizen of Iowa. Appellee, Frederick Downey, is a citizen of Connecticut.

traffic report; black and white photographs of the road where the accident took place; black and white photographs of appellee's truck following the accident; and portions of appellee's discovery deposition testimony. Appellant was unable to testify because he was unconscious after the accident and was unable to remember anything about the accident or the events leading up to it.

The military police traffic accident report indicates that the accident occurred at dusk while the vehicle was traveling southbound. Appellee, who was driving the vehicle, veered off the road on the right as he was following the curve in the road. His truck hit a pothole on the shoulder of the road. He re-entered the roadway, crossed the centerline and the left side of the road, veering off the road on the left. He attempted to re-enter the road but lost control of the truck which overturned once and traveled seventy-five feet before coming to rest. The curved, two-lane, blacktop road was level and dry at the time of the accident and the weather conditions were clear.

In his discovery deposition, appellee admits all of the above but states that it was common practice to swing wide onto the right shoulder at this point because the road was narrow.

Appellant was admitted to the intensive care and surgery unit of the local hospital in critical condition. He was treated for several cracked ribs and a perforated lung, and remained in the hospital for two months.

■ Well-established principles govern the standard of review when a motion for directed verdict has been granted. The trial court in granting a directed verdict for defendant must view the plaintiff's evidence as true; consider it in the light most favorable to him; and give him the benefit of every reasonable inference to be drawn therefrom. *Farmer v. Chaney*, 292 N.C.

451, 233 S.E.2d 582, 584 (1977); *Jenkins v. Leftwich Electric Co.*, 254 N.C. 553, 119 S.E.2d 767, 775 (1961). The trial court should not direct a verdict in favor of the defendant "unless the evidence is free of material conflict, and the only reasonable inference that can be drawn therefrom is that there was no negligence on the part of the defendant, or that his negligence was not the proximate cause of the injury." *Price v. Miller*, 271 N.C. 690, 157 S.E.2d 347, 349–50 (1967).[3]

Despite the fact we are reviewing appellant's case in this favorable light, we cannot agree that the case should have been submitted to the jury.

■ Appellant's argument is essentially that an inference of negligence on the part of Downey as driver arises from the mere fact that his vehicle ran off the road. While the North Carolina Supreme Court has affirmed cases where an inference of negligence was drawn from the mere fact that an accident occurred, *Greene v. Nichols*, 274 N.C. 18, 161 S.E.2d 521, 527 (1968); *Alexander Funeral Home Inc. v. Pride*, 261 N.C. 273, 136 S.E.2d 120, 122 (1964), it has made clear that this inference will not always arise.

When [an automobile leaves the highway] *without apparent cause* and inflicts injury or damage, an inference of the driver's actionable negligence arises, which will take the case to the jury. The inference of negligence does not arise from the mere fact of injury; it arises from the manner in which it occurred. (emphasis added).

*Greene v. Nichols, supra*, 161 S.E.2d at 527. In other words, if there is a possible explanation as to why the accident occurred, such as bad road conditions or mechanical deficiencies in the automobile, the inference of negligence will not arise. *E. g., Lassiter v. Jones*, 8 N.C.App. 506, 174 S.E.2d 630, 632

---

**3.** We note in passing the universality of the legal standard for directing a verdict. In this case, North Carolina law applies because of the stipulation by the parties, but the standard for directing the verdict is the same under federal law. *Kennedy v. U. S. Construction Co.*, 545

F.2d 81, 82 (8th Cir. 1976); *Barclay v. Burlington Northern, Inc.*, 536 F.2d 263, 267 (8th Cir. 1976); *Hernon v. Revere Copper & Brass Inc.*, 494 F.2d 705, 707 (8th Cir.), *cert. denied*, 419 U.S. 867, 95 S.Ct. 124, 42 L.Ed.2d 105 (1974).

(1970) ("It has been held by our court in [*Greene*], that when an automobile leaves the road *for unexplained reasons,* the doctrine of *res ipsa loquitur* arises so as to create a *prima facie* case of negligence against the driver of the automobile.") (emphasis added); *Curry v. Brown,* 8 N.C. App. 464, 174 S.E.2d 856, 859 (1970) ("In that case [*Greene*] our Supreme Court held that when an automobile leaves the highway *without apparent cause* and inflicts injury, an inference of the driver's actionable negligence arises which will take the case to the jury . . . .") (emphasis added).

█ While in some instances it may be negligent to drive onto the shoulder of the road or hit a pothole, there is no evidence to support appellant's allegations that appellee was negligent in doing so here. The evidence presented by England at trial disclosed that it was customary to drive onto the right shoulder of the road at this turn,[4] and England has pointed to no distinguishing characteristics of this pothole which would make one negligent for failing to see it. As the trial court noted, the photo-

graphs of the road which were submitted as exhibits by appellant were offered without explanation. There is no way of knowing if these photographs depict the scene at the time of the accident or at a later time, and, either way, they show nothing which supports appellant's allegations that the accident resulted from appellee's negligence. In short, appellant, who is unable to remember anything about the accident, has presented absolutely no evidence that the defendant was inattentive or distracted or driving in any manner but exemplary.

██ Therefore, in this case we have an explanation for the accident; the driver hit a pothole which caused the vehicle to go out of control. The propriety of, and need for, the inference of negligence which appellant seeks to invoke is pre-empted.[5]

The other North Carolina cases cited by appellant as supporting his argument that this case should have been submitted to the jury are distinguishable. In every case the issue was whether there was a conflict in the evidence which presented a material issue of fact for the jury to resolve.[6] Here,

---

4. In his deposition, appellee stated that it was customary to drive off the road at this point. Appellant introduced appellee's deposition as part of his case in chief.

5. It is unclear to us whether appellant was relying on the doctrine of res ipsa loquitur which, if certain elements are established, allows an inference of negligence from the mere fact that an accident has occurred, or if appellant was attempting to invoke an inference of negligence from the circumstantial evidence of the accident (i. e. appellee was concededly driving off the main road). We have given appellant benefit of the doubt and treated his case as if he were trying to formulate the latter theory because he has clearly failed to adequately allege the res ipsa theory. Appellant never characterized his theory as res ipsa loquitur and, more importantly, made no attempt to prove the well-established elements of this doctrine, i. e. that defendant was in exclusive control of the vehicle and that the occurrence causing the injury was one which ordinarily does not happen without negligence on someone's part. *Jackson v. Neill McKay Gin Co.,* 255 N.C. 194, 120 S.E.2d 540, 542 (1961); *Husketh v. Convenient Systems, Inc.,* 35 N.C.App. 207, 241 S.E.2d 100, 102 (1978). Nevertheless, even if appellant was attempting to rely on a poorly articulated and improperly pleaded res ipsa loquitur theory, the doctrine is not available to

him. Res ipsa is applicable only when the plaintiff does not know the cause of the accident. *Jones v. Otis Elevator Co.,* 234 N.C. 512, 67 S.E.2d 492, 496 (1951). By delineating specific acts of negligence on Downey's part in his complaint, appellant indicated that he knew the cause of the accident.

6. In *Cherry v. Smallwood,* 7 N.C.App. 56, 171 S.E.2d 83, 83 (1969) and *Lane v. Dorney,* 252 N.C. 90, 113 S.E.2d 33, 35 (1960), the cause of the accident was a mystery and the court found in each case that there was a material issue of fact whether the inattentiveness of the defendant, or some circumstance beyond his control, caused the accident. This uncertainty warranted submitting the case to the jury. These cases are unlike the present case where we know the cause of the accident—the impact of the truck with a pothole. In *Price v. Miller,* 271 N.C. 690, 157 S.E.2d 347, 352 (1967), the appellate court found that the trial court properly granted defendant's motion for nonsuit because it was clear that the contributory negligence of the plaintiff's intestate was a proximate cause of the accident. Thus, there was no material issue of fact. In *Mims v. Dixon,* 272 N.C. 256, 158 S.E.2d 91, 94 (1967), the court applied the same principles. The defendant appealed the trial court's denial of his motion for a nonsuit. The North Carolina Supreme Court held that

appellant has not presented any evidence which conflicts with the crucial facts in the record or which presents a material issue of fact for a jury. Appellant has highlighted the fact that Downey stated his right tire blew out when he hit the pothole when, as the pictures show, the left tire actually suffered the blow out. Appellant claims that this shows the accident did not occur as Downey claimed. We do not find this discrepancy significant in the slightest because the left tire could just as easily have been punctured when the truck skidded across the highway and overturned.

Appellant, as plaintiff below, had the burden of proving that the accident resulted from appellee's negligence. Because he has not met this burden, the district court properly granted appellee's motion for directed verdict.

For the foregoing reasons, the judgment of the district court is affirmed.

---

his motion was properly denied because there was a material issue of fact as to who was in the intersection first and who should have yielded the right of way. This warranted sub-

mitting the case to the jury. All of these cases enunciate and apply the same principle of law: before a case may be submitted to the jury, there must be a material issue of fact.