## SARAH YOUNG v. THE ANCHOR COMPANY, INC.

(Filed 15 January, 1954.)

1. **Negligence § 3½—**

   Where the thing causing injury is under the exclusive management and control of defendant, and the occurrence is such as does not happen in the ordinary course of things if the person having the management and control uses the proper care, the doctrine of *res ipso loquitur* applies.

2. **Same—**

   Proof of circumstances invoking the doctrine of *res ipsa loquitur* merely constitutes a mode of proving negligence sufficient to make out a case for the jury, but does not affect the burden of proof, and plaintiff still has the burden of showing by the preponderance of the evidence that her injuries were proximately caused by the negligence of the defendant.

3. **Same: Negligence § 4f—**

   Evidence tending to show that an escalator under the exclusive management and control of the defendant store suddenly jerked, stopped and then moved forward, causing the plaintiff patron to fall to her injury, *is held* sufficient to make out a case for the jury under the doctrine of *res ipsa loquitur.*

4. **Negligence § 4f—**

   A store providing an escalator for the use of its customers is under duty of continuous inspection and maintenance and due care in its operation.

5. **Negligence §§ 3½, 20—**

   An instruction to the effect that a finding by the jury of facts sufficient to constitute a predicate for the application of the doctrine of *res ipsa loquitur* was sufficient to warrant a judgment for plaintiff must be held for reversible error in failing to instruct the jury to the effect that such

circumstance must have been the proximate cause of plaintiff's injury in order to warrant such a verdict.

APPEAL by defendant from *Hatch, Special Judge,* May Term, 1953, of DAVIDSON.   New trial.

This was an action to recover damages for a personal injury resulting from a fall from an escalator in the defendant's department store.   It was alleged this was due to the negligence of the defendant.

The defendant operates a large department store in Winston-Salem, and for the convenience of customers has installed and maintains as a means of ascent from the first to the second floor an escalator or moving stairway.   The escalator had been in use about nine months before the injury complained of.

There was evidence on behalf of the plaintiff tending to show that on 9 June, 1952, the plaintiff, who was then seventy-two years of age, in company with her daughter and her granddaughter entered defendant's store as prospective purchasers and undertook to use the escalator, which was in motion, in order to reach the second floor.   Both plaintiff and her daughter had used the escalator a number of times before.   The daughter first stepped on the escalator and the plaintiff a few steps behind her, each with hand on the rail.   After the escalator had ascended a short distance there was a sudden jerk, a stop, and a quick move forward which plaintiff testified threw her on her side and caused her to fall with her head down and feet up.   The escalator was stopped and she was removed. There was evidence that the plaintiff sustained serious and permanent injury.   The plaintiff's daughter also testified that the escalator gave a sudden jerk, stopped, and then moved forward, and that this caused her to fall to her knees, though no permanent injury resulted to her.

The defendant offered evidence tending to show that the escalator which it had installed in its store was one in approved and general use in department stores, and that it was properly constructed, maintained, inspected and operated.   The defendant offered evidence tending to contradict plaintiff's evidence as to the fact of a sudden jerk and stoppage of the escalator on the occasion alleged.

On the issues submitted the jury for its verdict found that plaintiff was injured by the negligence of the defendant, that plaintiff did not by her own negligence contribute to her injury, and awarded damages in a substantial sum.

From judgment on the verdict the defendant appealed, assigning errors.

*Walser & Brinkley and Charles W. Mauze for plaintiff, appellee.*

*Hubert Olive, McNeill Smith, Braxton Schell, and Smith, Sapp, Moore & Smith for defendant, appellant.*

DEVIN, C. J. Defendant's appeal brings up for consideration the question whether plaintiff's evidence was sufficient to support her allegations of negligence on the part of the defendant, and to carry the case to the jury. It was insisted that defendant's motion for judgment of nonsuit should have been allowed, or that the court upon all the evidence should have given instruction to the jury to answer the issue of negligence in its favor, as prayed.

Undoubtedly, on this record, the defendant was entitled to the allowance of its motion unless the facts shown by plaintiff's evidence were such as to call for the application of the doctrine of *res ipsa loquitur*.

This doctrine has been considered by this Court in a number of well considered opinions and is generally understood to designate a rule of the law of evidence which may be applied to the inference from the nature of the occurrence to be drawn in certain classes of injury alleged to have been caused by negligence. *Justice Hoke* in *Jones v. Bland,* 182 N.C. 70, 108 S.E. 344, has stated the nature of the principle involved, from which we quote: "It is the accepted position here and elsewhere 'that where a thing which causes an injury is shown to be under the management of the defendant, and the occurrence is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of an explanation by the defendant, that the accident arose from want of care.' This was held in the recent case against *The Texas Company,* reported in 180 N.C. 546-561, and the principle has been approved and applied in many of our decisions on the subject. (Cases cited.) In the citation to Labatt, quoted with approval in *Womble's case,* it is said: 'The rationale of the doctrine, spoken of in the cases as *res ipsa loquitur,* is that in some cases the very nature of the occurrence may itself, and through the presumption it carries, supply the requisite proof. It is applicable when under the circumstances shown the accident presumably would not have happened if due care had been exercised. Its essential import is that on the facts proved, the plaintiff has made out a *prima facie* case without direct proof of negligence. . . .' "

This statement of the law is in accord with the uniform decisions in this jurisdiction. *Womble v. Grocery Co.,* 135 N.C. 474, 47 S.E. 493; *Stewart v. Carpet Co.,* 138 N.C. 60, 50 S.E. 562; *Fitzgerald v. R. R.,* 141 N.C. 530, 54 S.E. 391; *Isley v. Bridge Co.,* 141 N.C. 220, 53 S.E. 841; *Deaton v. Lumber Co.,* 165 N.C. 560, 81 S.E. 774; *Ridge v. R. R.,* 167 N.C. 510, 83 S.E. 762; *White v. Hines,* 182 N.C. 275, 109 S.E. 31; *Harris v. Mangum,* 183 N.C. 235, 111 S.E. 177; *Eaker v. International Shoe Co.,* 199 N.C. 379, 154 S.E. 667; *Etheridge v. Etheridge,* 222 N.C. 616, 24 S.E. 2d 477. See also *Hesemann v. May Dept. Stores Co.,* 225 Mo. App. 584, 39 S.W. 2d 797; *Welch v. Rollman & Sons Co.,* 70 Ohio

App. 515, 44 N.E. 2d 726; *Petrie v. Kaufmann & B. Co.,* 291 Pa. 211, 152 A.L.R. 562.

In cases where the plaintiff's evidence is such as to justify the application of the doctrine of *res ipsa loquitur* the nature of the occurrence itself and the inferences to be drawn therefrom are held to supply the requisite degree of proof to carry the case to the jury and to enable the plaintiff to make out a *prima facie* case without direct proof of negligence. However, this does not dispense with the requirement that the plaintiff who alleges negligence must prove negligence, but relates only to the mode of proving it. The fact of the accident furnishes merely some evidence to go to the jury and does not relieve the plaintiff of the burden of showing negligence. Before the plaintiff can be entitled to a verdict he must satisfy the jury by the preponderance of the evidence that the injuries complained of were proximately caused by the negligence of the defendant in the respects alleged. *Stewart v. Carpet Co., supra; White v. Hines, supra; Mitchell v. Saunders,* 219 N.C. 178, 13 S.E. 2d 242. "The law attaches no special weight, as proof, to the fact of an accident, but simply holds it to be sufficient for the consideration of the jury, even in the absence of any additional evidence. (Citing authorities.) In all other respects the parties stand before the jury just as if there were no such rule." *Stewart v. Carpet Co., supra.*

" 'Res ipsa loquitur,' if we may use the phrase to represent the doctrine—is itself a mere mode of proof. After rebutting testimony is offered, it is still evidence to be reckoned with by the jury, just as any other evidence, according to its probative force." *Covington v. James,* 214 N.C. 71, 197 S.E. 701.

We think the plaintiff's evidence, which on the motion to nonsuit must be accepted as true, is such as to invoke the application of the doctrine of *res ipsa loquitur,* and hence sufficient to carry the case to the jury.

The mechanical device known as an escalator, which the defendant furnished to its customers and invitees as a means of ascent to the second floor of the department store, was installed by the defendant and was under its exclusive management and control, imposing upon it the continuous duty of inspection and maintenance, and due care in its operation, and the facts as testified by plaintiff of the sudden jerk, stoppage and unusual movement on the occasion alleged was such as to raise the inference that the accident complained of would not have occurred unless there had been negligent failure to inspect and maintain. *Springs v. Doll,* 197 N.C. 240, 148 S.E. 251. The jury absolved the plaintiff of the imputation of contributory negligence. The fact of the occurrence in the manner and under the circumstances described by plaintiff's evidence required consideration by the jury on the issue of negligence.

The decisions in *Watkins v. Furnishing Co.,* 224 N.C. 674, 31 S.E. 2d 917, and *Jones v. Elevator Co.,* 234 N.C. 512, 67 S.E. 2d 492, are not controlling on the facts of this case.

The defendant has brought forward in its assignments of error exceptions noted to the rulings of the court in respect to the testimony and in giving instructions to the jury as to the issues submitted.

The defendant noted exception to the following portion of the court's charge: "The plaintiff contending in this case that the acts of negligence was the extraordinary operation of the escalator the morning of June 9, 1952, in that without any warning or notice to the plaintiff that the escalator jerked, stopped and then started again. Now lady and gentlemen, the burden of the issue of negligence does not shift to the defendant. However, from the plaintiff's testimony in this case that the escalator jerked, stopped and then started makes out a case for you, the jury, to determine whether or not by reason of its sudden jerking, stopping and starting was the proximate cause of her injury and damage."

From an examination of this portion of the court's instruction, and other similar expressions in the charge, we think the court inadvertently gave the jury the impression that the fact that the escalator jerked, stopped and started again, causing plaintiff to fall, if found, was sufficient to warrant a verdict for the plaintiff on the first issue, and that the court did not adequately instruct the jury that before they could answer the first issue in favor of the plaintiff they must find from the evidence and by its greater weight that plaintiff's fall on the escalator proximately resulted from the defendant's negligence in that it failed to exercise due care in the performance of its duty in the maintenance, inspection and operation of the escalator as alleged in the complaint.

In this, we think, there was error sufficiently prejudicial to require a new trial. As there must be another hearing, we have not considered other exceptions noted in the record.

New trial.