LEGETTE JACKSON v. NEILL McKAY GIN COMPANY.

(Filed 16 June, 1961.)

**1. Negligence § 21—**

In order to establish actionable negligence plaintiff must show a failure to exercise proper care in the performance of some legal duty which defendant owed plaintiff under the circumstances, that such negligence produced the injury in continuous sequence and without which it would not have occurred, and that a person of ordinary prudence could have foreseen that such result was probable under the existing facts.

**2. Negligence § 24a—**

In order for circumstantial evidence to be sufficient to be submitted to the jury in an action for negligence, the facts proved must establish negligence and proximate cause as a reasonable inference and not raise a mere conjecture or surmise.

**3. Negligence § 21—**

Negligence is not presumed from the mere fact of injury, but plaintiff is required to offer legal evidence tending to establish each essential element of actionable negligence.

**4. Negligence § 23—**

Whether there is sufficient evidence of actionable negligence to be submitted to the jury is a question of law.

**5. Negligence § 5—**

The doctrine of *res ipsa loquitur* does not apply unless there is an injury which ordinarily does not occur in the absence of any negligence on someone's part, and unless the instrumentality which causes the injury is under the exclusive control and management of the defendant.

JACKSON *v.* GIN CO.

**6. Same—**

Plaintiff was injured while assisting with the loading of cotton on a truck with a hydraulic lift, hooks being placed over each side of a bale of cotton and being embedded in the bagging and cotton by the weight when the bale was raised by the hydraulic lift. Plaintiff was injured when a bale of cotton so lifted fell from the hooks. Plaintiff testified that he himself put the hooks in the bales and generally assisted in the loading operation. *Held:* On plaintiff's evidence, the instrumentality was not under the exclusive control of defendant and the doctrine of *res ipsa loquitur* is not applicable.

**7. Master and Servant § 32—**

Plaintiff's evidence was to the effect that he was assisting in loading cotton on a truck with a hydraulic lift owned by defendant and operated by defendant's employee, that hooks were placed on each side of the bale of cotton and embedded in the bale by its weight when the bale was lifted, and that as a bale was being loaded it fell from the hooks, resulting in plaintiff's injury. *Held:* In the absence of evidence of any defect in the loading mechanism or that it was negligently operated by defendant's employee, nonsuit is proper.

APPEAL by plaintiff from *Hall, J.,* at November 1960 Term of SCOTLAND.

Civil action to recover damages for personal injuries allegedly caused by the negligence of the defendant.

The plaintiff and a co-worker, both employees of a third party, were assisting in the loading of cotton on a truck upon the premises of the defendant Gin Company. The cotton was being loaded by the use of a hydraulic lift mechanism connected with a tractor. Attached to the lift there was a pair of hooks which were placed over each side of the bale of cotton. As the hydraulic lift was raised, the hooks would become embedded in the bagging and cotton by the weight of the bale upon the hooks. The tractor in question was being operated by one of the defendant's employees. The plaintiff would place the hooks in the bales of cotton and then the lift operator would raise the bale and take it over to the truck where it would be lowered on to the bed of the truck. Fifteen bales had been moved in this manner, but the sixteenth bale fell from the hooks, hit the bed of the truck, and then fell upon the plaintiff causing serious personal injuries.

At the conclusion of the plaintiff's evidence, the defendant's motion for judgment of nonsuit was sustained. To the judgment entered in accordance therewith the plaintiff excepts and appeals to the Supreme Court and assigns error.

*King & Cox for plaintiff appellant.*
*Mason & Williamson for defendant appellee.*

WINBORNE, C.J. The only question presented for decision is whether or not the Superior Court committed error in granting defendant's motion for judgment of nonsuit at the close of plaintiff's evidence.

Taking the evidence offered by the plaintiff, as shown in the record of case on appeal, in the light most favorable to the plaintiff, giving to him the benefit of every reasonable intendment upon the evidence and every reasonable inference to be drawn therefrom, as is done in such cases, a negative answer is deemed proper. *Mills v. Moore*, 219 N.C. 25, 12 S.E. 2d 661; *Heuay v. Construction Co.* 254 N.C. 252, 118 S.E. 2d 615.

The plaintiff first alleges and contends that the equipment was defective in that the hooks would not properly hold the cotton as it was being lifted. However, there is no evidence in the record that the equipment in question was defective in any way on the date here involved. Indeed, all the evidence presented by the plaintiff is to the effect that the equipment was in good condition.

The operator of the equipment, James W. McLean, testified that "There was nothing wrong with the machine." He further testified that nothing was wrong with the hooks that day. William James McPhatter and W. G. Buie III, both of whom were familiar with the equipment, also testified that there was nothing wrong with it.

In order to establish actionable negligence, plaintiff must show that there has been a failure to exercise proper care in the performance of some legal duty which the defendant owed to the plaintiff under the circumstances in which they were placed, and that such negligence was the proximate cause of the injury— a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such result was probable under all the facts as they existed. *Heuay v. Construction Co., supra*. And when the plaintiff relies upon circumstantial evidence, he must establish negligence and proximate cause as a reasonable inference from the facts proved and not circumstances which raise a mere conjecture or surmise. *Lane v. Dorney*, 250 N.C. 15, 108 S.E. 2d 55.

Negligence is not presumed from the mere fact of injury. The plaintiff is required to offer legal evidence tending to establish beyond a mere speculation or conjecture every essential element of negligence, and upon failure to do so, nonsuit is proper. And in this connection, whether or not there is enough evidence to support a material issue is a question of law. *Heuay v. Construction Co., supra*.

The plaintiff's evidence does show that other bales of cotton had fallen from this equipment at other times, but upon the record in the present case there is no evidence that connects the falling of the cot-

ton on October 3, 1958 (date of the injury complained of herein), and any other time with any defective condition of the defendant's equipment.

The doctrine of *res ipsa loquitur* is not applicable in the present case. For the doctrine to apply the plaintiff must prove (1) that there was an injury, (2) that the occurrence causing the injury is one which ordinarily doesn't happen without negligence on someone's part, (3) that the instrumentality which caused the injury was under the exclusive control and management of the defendant. *Lane v. Dorney, supra; Lea v. Light Co.*, 246 N.C. 287, 98 S.E. 2d 9; *Young v. Anchor*, 239 N.C. 288, 79 S.E. 2d 785.

Here the plaintiff's own testimony shows that the equipment was not entirely under the control and management of the defendant Gin Company. Indeed, he testified that he put the hooks in the bales of cotton himself and generally assisted in the loading operation. In this connection he testified: "On that morning, the Gin Company did not have another employee to assist in putting the hooks in the bales; and I was requested to put the hooks in. I loaded 15 bales before the accident. I put the hooks under the steel band that went around the bale of cotton."

As stated by *Adams, J.,* in *Saunders v. R.R.*, 185 N.C. 289, 117 S.E. 4: "It is essential to show that the appliance, machinery, device, or other agency causing the injury is under the management of the defendant or his servants * * * ."

The plaintiff next alleges and contends that the defendant's employee was negligent in the operation of the equipment. Again, there is no evidence in the record that the operator was negligent, or evidence from which an inference of negligence can be made. The only evidence relating to the operation of the equipment is by the operator, James W. McLean. He testified: "I didn't do anything wrong that day, operated it as best I could as far as I am concerned. I did not let the bale fall. There is nothing wrong with the way I operated the equipment. Nobody accused me of dropping this bale."

In fine, there is no evidence in this record showing or tending to show that the defendant's equipment was defective or that the defendant's employee negligently operated it. Therefore, the conclusion is that the evidence offered is insufficient to show actionable negligence on the part of the defendant.

For reasons stated, the judgment below is

Affirmed.