MILDRED C. SHARP v. JESSE LEWIS WYSE

No. 8521SC244

(Filed 3 December 1985)

**Negligence § 6.1— camper top becoming detached—applicability of res ipsa loquitur**

 In an action to recover for damages suffered when the camper top came off defendant's truck and struck plaintiff's vehicle while it was traveling on the highway, plaintiff's evidence was sufficient for the jury under the doctrine of res ipsa loquitur where it tended to show that the camper top was firmly attached to defendant's truck by a dealer; after that date, the truck was in defendant's exclusive possession and control; and seventeen months after the top was attached, it detached for some unexplained reason and struck plaintiff's automobile.

APPEAL by plaintiff from *Wood (William Z.), Judge.* Judgment entered 12 October 1984 in FORSYTH County Superior Court. Heard in the Court of Appeals 15 October 1985.

This is a civil action wherein plaintiff seeks to recover for personal injury and property damage allegedly caused by defendant's negligence. On 5 June 1982 plaintiff was driving her 1979 Ford Thunderbird in an easterly direction on Interstate 40 in Winston-Salem while defendant was driving his 1979 pickup truck, which was equipped with a camper top, in a westerly direction on that same highway. As the parties approached each other, the camper top came off defendant's truck and struck plaintiff's vehicle. Plaintiff alleged that the collision was caused by defendant's negligence in operating or maintaining his vehicle and resulted in injury to her and damage to her automobile. Defendant denied that he was negligent and that plaintiff was injured or damaged as alleged.

Plaintiff presented evidence at trial which tends to show the following, in pertinent part: Triangle Campers, Inc. sold the camper top to defendant and installed it on his truck in

November 1980. Triangle Campers had purchased the top from a company in Indiana. The camper top was attached to the truck by four clamps which were built into the top. Each clamp was attached to the truck by a set of metal fingers which were pulled together with a lever. Although the clamps were tight and hard to pull up once they were attached, they could be released by using a screwdriver. Sometimes clamps such as these are a little bit loose and can be released by using only one's fingers. From the back of the truck, one could see the clamps and whether they were loose or down in place. The camper top weighed 70 to 90 pounds and was as rigid as a boat hull when clamped down. The clamps were in place and pulled down tight firmly attaching the camper top to defendant's truck when defendant left Triangle Campers in November 1980.

Defendant, called by plaintiff as an adverse witness, testified that he used the pickup truck in his business every day except Sunday, that he carried sample kits in the back of it, and that he drove the truck several times on Sundays as well. He said that he had never removed or attempted to remove the camper top after it was installed and had never tried to loosen the clamps. He had driven the truck in windy weather, over bumps in the road, and had passed thousands of tractor/trailer trucks on highways since the camper top was attached yet the top never blew off and he never heard it rattle or saw it bounce up and down. He indicated that he had never actually checked the clamps that held the top to the truck to see that they were in place but that he had looked at them from time to time. He further indicated that each clamp had a bolt through it with a nut and that it was his belief that the top would not come off unless the bolts were unscrewed. The bolts apparently were located in the lever mechanism of the clamp and were not directly attached to the truck itself.

On the day of the accident, defendant passed a tractor/trailer truck, heard a "sipping like sound," and then saw the camper top floating across the highway. Defendant's examination of the camper top after the accident showed that the bolts that went through the clamps were still attached to the camper top. Defendant stated that the only way the accident could have happened was if the fingers of the clamps had somehow slipped. He testified that the pickup truck had been under his possession and control at all times during the 17 months after the camper top was at-

tached to it and before the date of the accident, and that he never saw and does not contend that anyone else tinkered with it while it was in his possession.

At the close of plaintiff's evidence, defendant moved for a directed verdict on the ground that the evidence taken in the light most favorable to plaintiff failed to disclose any actionable negligence on his part. The trial court allowed defendant's motion and plaintiff appealed.

*Roy G. Hall, Jr. for plaintiff.*

*Petree, Stockton, Robinson, Vaughn, Glaze & Maready, by W. Thompson Comerford, Jr., for defendant.*

WELLS, Judge.

The question presented by this appeal is whether plaintiff presented sufficient evidence to withstand defendant's motion for a directed verdict. In considering a defendant's motion for a directed verdict, the court must view the evidence in the light most favorable to the plaintiff, resolving all conflicts in her favor and giving plaintiff the benefit of every inference that reasonably can be drawn in her favor. *Snow v. Power Co.*, 297 N.C. 591, 256 S.E. 2d 227 (1979). It is only when the evidence is insufficient as a matter of law to support a verdict for the plaintiff that the motion should be granted. *Id.*

Plaintiff argues that the evidence is sufficient to invoke the doctrine of *res ipsa loquitur* and therefore to require submission of the case to the jury. We agree. *Res ipsa loquitur* is an evidentiary rule grounded in the superior logic of ordinary human experience which operates to permit an inference of negligence from the very happening of the occurrence itself. *McPherson v. Hospital*, 43 N.C. App. 164, 258 S.E. 2d 410 (1979); 2 Brandis, *N.C. Evidence* § 227 (2d rev. ed. 1982). The rule is generally stated as follows:

[W]hen a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen, if those who have the management use the proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care.

*Snow v. Power Co., supra, quoting Newton v. Texas Co.,* 180 N.C. 561, 105 S.E. 433 (1920). The evidence need not preclude every inference other than that of defendant's negligence before the doctrine of *res ipsa* can apply. *Brandis, supra.* "If the inference that [defendant's] negligence caused the injury is more likely than other permissible inferences, the doctrine should apply." *Id.*

*Res ipsa loquitur* does not shift the burden of proof to the defendant or require him to come forward with evidence to explain what happened. Byrd, *Proof of Negligence in North Carolina: Part I. Res Ipsa Loquitur,* 48 N.C.L. Rev. 452 (1970). Rather, where the doctrine is applicable, "the nature of the occurrence itself and the inferences to be drawn therefrom are held to supply the requisite degree of proof to carry the case to the jury and to enable the plaintiff to make out a *prima facie* case without direct proof of negligence." *Young v. Anchor Co.,* 239 N.C. 288, 79 S.E. 2d 785 (1954).

The evidence here viewed in the light most favorable to plaintiff tends to show: that the camper top was firmly attached to defendant's truck by an employee of Triangle Campers in November 1980; that after that date, the truck was in the exclusive possession and control of defendant; and that 17 months after the camper top was attached to the truck, it became detached for some reason not explained and collided with plaintiff's automobile, thereby injuring plaintiff and damaging her automobile. Common experience shows that a camper top properly attached to a pickup truck does not ordinarily detach itself from the truck in the absence of negligence. Although it could possibly be inferred that the camper top was negligently constructed by the manufacturer or negligently installed by Triangle Campers, these inferences are weakened by the evidence showing that defendant drove the truck for a period of 17 months after the camper top was attached in windy weather, over bumpy roads, and past thousands of tractor/trailer trucks without any problems. The more logical and likely inference to be drawn from the evidence is that defendant was negligent in some respect in maintaining his vehicle by failing to see that the camper top remained securely attached.

We conclude that *res ipsa loquitur* is applicable in this case and that plaintiff's evidence pursuant to that doctrine is sufficient

to go to the jury. Accordingly, we hold that it was error for the trial court to grant defendant's motion for a directed verdict and that the judgment entered must be reversed.

Reversed.

Judges ARNOLD and MARTIN concur.