MILDRED C. SHARP v. JESSE LEWIS WYSE

No. 802PA85

(Filed 12 August 1986)

**Negligence § 6.1— camper top detached while pickup in motion—res ipsa loquitur not applicable**

In an action to recover for damages suffered when a camper top came off defendant's pickup truck and struck plaintiff's vehicle while they were traveling on a highway, the trial court properly directed a verdict for defendant where *res ipsa loquitur* did not apply because plaintiff failed to show that defendant was the only probable tort-feasor.

ON defendant's petition for discretionary review pursuant to N.C.G.S. § 7A-31, of a decision of the North Carolina Court of Appeals, 78 N.C. App. 171, 336 S.E. 2d 675 (1985), reversing a directed verdict for defendant and judgment entered accordingly on 12 October 1984 by *Wood, J.*, presiding in FORSYTH County Superior Court.

*Roy G. Hall, Jr., for plaintiff appellee.*

*Petree, Stockton & Robinson by W. Thompson Comerford, Jr., for defendant appellant.*

EXUM, Justice.

This is an action for personal injury and property damage allegedly occurring after defendant's camper top became detached from his pickup truck and struck plaintiff's automobile while the vehicles were travelling in opposite directions on Interstate 40 in Winston-Salem.

We allowed defendant's petition for discretionary review on 18 February 1986 limited to the following question: Whether the Court of Appeals correctly applied the doctrine of *res ipsa loquitur* to the facts. We answer in the negative and reverse.

The incident giving rise to this lawsuit was a 5 June 1982 automobile mishap on Interstate 40 in Winston-Salem. On that day plaintiff, Mildred Sharp, a Tennessee resident en route to Norfolk, Virginia, was traveling east on Interstate 40 in her 1979 Ford Thunderbird while defendant, Jesse Wyse, was driving west on the same highway in his 1979 El Camino pickup truck, which was equipped with a camper top purchased from and installed by Triangle Campers, Inc. of Winston-Salem approximately one and one-half years earlier. Triangle Campers, Inc. had purchased the camper top from an Indiana company. As the vehicles approached each other, the camper top became detached from defendant's pickup truck, became airborne, crossed the median strip and struck plaintiff's car.

The plaintiff, in her complaint filed on 22 March 1983, alleged that defendant negligently operated or maintained his vehicle by failing to secure the camper top to the truck, both of which were in his exclusive possession and control, and that the top would not have separated from the truck absent defendant's negligence in this and "in other respects." This negligence, plaintiff alleged, proximately caused $3,000 in property damage to her automobile. In addition, plaintiff alleged the collision of defendant's camper top with her automobile caused her

such a start that she involuntarily jerked her head and back backward and her body around within the interior of the ve-

hicle with such force that she injured her neck and back, causing pain, suffering, medical expenses to date in excess of the amount of $1,000.00, loss of sleep, and to date she has lost wages in a sum in excess of $260.00.

Plaintiff further contended this injury aggravated prior calcification of her spine, of which she had been unaware, and for which she asked $50,000 in damages. Defendant answered, denying any negligence on his part, and contended the accident was unavoidable, as he had no indication the camper top was not secured adequately to his truck.

At trial, plaintiff's evidence tended to show: The 70- to 90-pound camper top had four clamps with tightening levers built into the fiberglass. A nut and a bolt went through each clamp, enabling it to pivot. The bolts locked the clamps in place, and the camper top could not be removed without unscrewing the bolts. Defendant, called by plaintiff as an adverse witness, testified that shortly before the accident he heard a "sipping" sound shortly after an eastbound tractor-trailer passed him. He then saw the camper top float across the median and hit plaintiff's vehicle. When defendant and a police officer investigated the wreckage of the camper top, all clamps remained in place with the nuts and bolts firmly attached. No one had ever removed or tampered with the camper top since its installation. Defendant had used the truck, including the rear portion, daily for business and pleasure, and it was in his possession and control at all times. Defendant never checked to see that the clamps were securely in place because they were bolted down.

At the conclusion of plaintiff's evidence the trial court granted defendant's motion for a directed verdict pursuant to Rule 50 of the North Carolina Rules of Civil Procedure, and dismissed plaintiff's action with prejudice. Plaintiff appealed to the North Carolina Court of Appeals, which reversed the directed verdict for defendant, holding plaintiff's evidence sufficient to invoke the doctrine of *res ipsa loquitur* and therefore sufficient to require submission of the case to the jury. We granted defendant's petition for discretionary review to determine whether the Court of Appeals incorrectly applied the doctrine of *res ipsa loquitur* to this case. We hold the doctrine inapplicable here and reverse the Court of Appeals' decision, thus reinstating the directed verdict for defendant.

In considering a defendant's motion for directed verdict, the court must view the evidence in the light most favorable to plaintiff, drawing all reasonable inferences and resolving all conflicts in her favor. *Snow v. Power Co.*, 297 N.C. 591, 256 S.E. 2d 227 (1979). Only if the evidence is insufficient to support a verdict for plaintiff as a matter of law should the motion to dismiss be granted. *Id.* Plaintiff here argues the evidence so considered suffices to invoke the doctrine of *res ipsa loquitur*, thus requiring submission of the case to the jury.

"The doctrine of *res ipsa loquitur* is merely a mode of proof and when applicable it is sufficient to carry the case to the jury on the issue of negligence. However, the burden of proof on such issue remains upon the plaintiff." *Lea v. Light Co.*, 246 N.C. 287, 290, 98 S.E. 2d 9, 11 (1957) (citations omitted). *See generally* Byrd, *Proof of Negligence in North Carolina, Part I, Res Ipsa Loquitur*, 48 N.C.L. Rev. 452 (1970). "*Res ipsa loquitur* (the thing speaks for itself) simply means that the facts of the occurrence itself *warrant an inference of defendant's negligence, i.e.*, that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking." *Kekelis v. Machine Works*, 273 N.C. 439, 443, 160 S.E. 2d 320, 323 (1968) (citations omitted).

> *Res ipsa loquitur*, in its distinctive sense, permits negligence to be inferred from the physical cause of an accident, without the aid of circumstances pointing to the responsible human cause. Where this rule applies, evidence of the physical cause or causes of the accident is sufficient to carry the case to the jury on the bare question of negligence. But where the rule does not apply, the plaintiff must prove circumstances tending to show some fault or omission or commission on the part of the defendant *in addition to* those which indicate the physical cause of the accident. (Emphasis added.)

*Id.* at 443-44, 160 S.E. 2d at 323. In *Kekelis* Justice (later Chief Justice) Sharp, writing for the Court, explained:

> The principle of *res ipsa loquitur*, as generally stated in our decisions, is this: When an instrumentality which caused an injury to plaintiff is shown to be under the control and operation of the defendant, and the accident is one which, in the ordinary course of events, does not happen if those who have

the management of it use the proper care, the occurrence itself is some evidence that it arose from want of care. *Young v. Anchor Co.*, 239 N.C. 288, 79 S.E. 2d 785; *Etheridge v. Etheridge*, [222 N.C. 616, 24 S.E. 2d 477]; *Springs v. Doll*, 197 N.C. 240, 148 S.E. 251; *Ridge v. R.R.*, 167 N.C. 510, 83 S.E. 762; 3 Strong, N.C. Index, Negligence § 5 (1960); Stansbury, N.C. Evidence § 227 (2d ed. 1963) and cases cited therein. The principle does not apply, *inter alia*, when more than one inference can be drawn from the evidence as to whose negligence caused the injury, *Springs v. Doll, supra*, or when the instrumentality causing the injury is not under the exclusive control or management of the defendant, *Wyatt v. Equipment Co.*, 253 N.C. 355, 117 S.E. 2d 21.

*Id.* at 443, 160 S.E. 2d at 322-23.

The Court further elucidated the following principle, which controls this case:

The rule of *res ipsa loquitur* never applies when the facts of the occurrence, although indicating negligence on the part of some person, do not point to the defendant as the *only* probable tortfeasor. In such a case, unless *additional evidence*, which eliminates negligence on the part of all others who have had control of the instrument causing the plaintiff's injury, is introduced, the court must nonsuit the case. When such evidence is introduced and the only inference remaining is that the fault was the defendant's, the plaintiff has produced sufficient circumstantial evidence to take his case to the jury.

*Id. Accord Lea v. Light Co.*, 246 N.C. at 290, 98 S.E. 2d at 11-12.

Under the facts here, even when viewed in the light most favorable to her, plaintiff has failed to show that defendant is the only probable tort-feasor. Defendant did not design, build, or install the camper top. There is nothing in the evidence to show that reasonable and regular inspections of camper tops by those in exclusive possession and control will ordinarily prevent their becoming dislodged or that this particular top had been properly designed, built and installed. On the evidence presented faulty design, construction or installation of the camper top is as likely a cause of its becoming dislodged as any act or omission on defend-

ant's part. There is, in short, simply nothing in this record from which we can conclude that the dislodging of camper tops from the backs of pickups does not occur in the absence of negligence on the part of the one in exclusive possession and control of the truck to which the top is attached. Under the principles governing the application of the doctrine of *res ipsa loquitur*, we hold this is not a case in which the doctrine may be appropriately applied.

Concluding, then, that the Court of Appeals improperly applied the doctrine of *res ipsa loquitur*, we reverse its decision, thus reinstating the trial court's judgment for defendant.

Reversed.