HOWARD v. WHITFIELD

[94 N.C. App. 777 (1989)]

New trial.

Judges BECTON and ORR concur.

---

BRENDA MOORE HOWARD v. MELVIN E. WHITFIELD AND ROBERT WHIT-
FIELD, D/B/A WHITFIELD'S EXXON

No. 8815SC1187

(Filed 1 August 1989)

Negligence § 57.1— injury from falling transom/window—res ipsa
loquitur—instruction not given—error

The trial court erred in a negligence action for injuries
suffered when a glass frame transom fell off the top of a
door and hit plaintiff on the head by not giving plaintiff's
requested instruction on *res ipsa loquitur*. The evidence
presented tends to show that direct proof of the cause of
plaintiff's injury is not available; the instrumentality involved
in the accident, the transom/window, was under the exclusive
control of defendants; and the injury suffered by plaintiff is
of a type that does not ordinarily occur in the absence of
a negligent act or omission.

APPEAL by plaintiff from *McLelland, D. Marsh, Judge.* Judg-
ment entered 5 May 1988 in ALAMANCE County Superior Court.
Heard in the Court of Appeals 10 May 1989.

Plaintiff is a citizen and resident of Alamance County, North
Carolina. Defendants are also citizens and residents of Alamance
County.

In June of 1983 plaintiff, along with her husband and two
children, stopped at defendants' service station in Alamance Coun-
ty. Plaintiff went to the restroom, and as she attempted to open
the restroom door, a glass frame transom fell off of the top of
the door and hit plaintiff on the head, injuring her. As a result
of her injuries, plaintiff was treated by several physicians for
headache pain and associated physical problems, including lapse
of memory, physical tension and fright. On 10 January 1986 plaintiff
filed a complaint alleging premises liability, seeking compensatory

damages, the establishment of a medical fund, attorney's fees and costs. Defendants filed separate answers, raising as defenses failure to state a claim upon which relief could be granted, that plaintiff was a licensee and defendants breached no duty owed to her as a licensee, and that defendants exercised due care, as well as generally denying the allegations of the complaint.

The case was tried before a jury at the 2 May 1988 Civil Session of Alamance County Superior Court. Three issues were submitted to the jury: (1) Was plaintiff on the premises of defendant as an invitee?; (2) Was plaintiff as an invitee injured by the negligence of defendant proprietor?; and (3) What amount of damages, if any, was the plaintiff entitled to recover for personal injuries? The jury determined on the first issue that plaintiff was an invitee. The jury found in favor of defendants on the second issue, finding that plaintiff, as an invitee, was not injured by the negligence of defendants. The jury did not answer the third issue. Judgment was entered on the verdict on 5 May 1988. Plaintiff appealed from this judgment.

*Mary K. Nicholson for plaintiff-appellant.*

*Holt, Spencer, Longest & Wall, by James C. Spencer, Jr., for defendant-appellee.*

WELLS, Judge.

Plaintiff assigns error to the trial court's failure to instruct the jury on the doctrine of *res ipsa loquitur* after being requested to do so by plaintiff. As we stated in *Millis Construction Co. v. Fairfield Sapphire Valley*, 86 N.C. App. 506, 358 S.E. 2d 566 (1987), "It is the duty of the trial judge without any special requests to instruct the jury on the law as it applies to the substantive features of the case arising on the evidence." The failure of a trial court to declare and explain the law with respect to a substantial feature of the case is prejudicial error and entitles an adversely affected party to a new trial. *Mosely & Mosely Builders v. Landin Ltd.*, 87 N.C. App. 438, 361 S.E. 2d 608 (1987), *pet. for cert. dismissed*, 322 N.C. 607, 370 S.E. 2d 416 (1988).

In the present case plaintiff orally requested the trial court to give the jury an instruction on the doctrine of *res ipsa loquitur* along with an instruction on contentions of negligence. The trial court declined to give this instruction.

In *Sharp v. Wyse*, 317 N.C. 694, 346 S.E. 2d 485 (1986), Justice (later Chief Justice) Exum, writing for the Court, stated concerning the doctrine of *res ipsa loquitur*:

> *Res ipsa loquitur*, in its distinctive sense, permits negligence to be inferred from the physical cause of an accident, without the aid of circumstances pointing to the responsible human cause. Where this rule applies, evidence of the physical cause or causes of the accident is sufficient to carry the case to the jury on the bare question of negligence.

*Id.* at 697, 346 S.E. 2d at 487 (*quoting Kekelis v. Machine Works*, 273 N.C. 439, 160 S.E. 2d 320 (1968) ). The Court further stated:

> The principle of *res ipsa loquitur*, as generally stated in our decisions, is this: When an instrumentality which caused an injury to plaintiff is shown to be under the control and operation of the defendant, and the accident is one which, in the ordinary course of events, does not happen if those who have the management of it use the proper care, the occurrence itself is some evidence that it arose from want of care.
>
> . . .
>
> The principle does not apply, *inter alia*, when more than one inference can be drawn from the evidence as to whose negligence caused the injury, . . . or when the instrumentality causing the injury is not under the exclusive control or management of the defendant. . . .

*Sharp* at 697-698, 346 S.E. 2d at 488. (Citations omitted.)

The evidence presented in the present case tends to show that direct proof of the cause of plaintiff's injury is not available; the instrumentality involved in the accident—the transom/window—was under the exclusive control of defendants; and the injury suffered by plaintiff is of a type that does not ordinarily occur in the absence of a negligent act or omission, i.e., plaintiff suffered an injury as a result of a falling transom/window. Therefore, the doctrine of *res ipsa loquitur* was a substantive issue in this case and the trial court should have given the requested instruction on this issue. Failure to do so is prejudicial error and entitles plaintiff to a new trial.

New trial.

Chief Judge HEDRICK and Judge ARNOLD concur.