DEBRA KAY SHADKHOO v. SHILO EAST FARMS, INC.

No. 8918SC529

(Filed 5 June 1990)

**Negligence § 6.1 (NCI3d) — night club patron — falling speaker — res ipsa loquitur — directed verdict for defendant**

The trial court properly directed verdict for defendant in an action in which a patron of defendant's nightclub alleged that she had been injured when a speaker fell from another speaker onto her knee while she was dancing. Although plaintiff relied on the doctrine of *res ipsa loquitur*, the evidence, viewed in the light most favorable to plaintiff, shows that defendant did not control the placement of the speaker that fell on plaintiff.

**Am Jur 2d, Negligence §§ 1870-1872, 1876.**

Judge PHILLIPS dissenting.

APPEAL by plaintiff from judgment entered 14 February 1989 by *Judge Steve Allen* in GUILFORD County Superior Court. Heard in the Court of Appeals 21 December 1989.

This is a personal injury action. Plaintiff alleged that she was injured by a speaker that fell on her knee while she was dancing in defendant's nightclub. Plaintiff alleged that the speaker was not properly fastened to the speaker on which it was stacked and that defendant should have known that vibrations from the music might cause it to fall. Plaintiff relied on the doctrine of *res ipsa loquitur*.

The evidence at trial tended to show that when the accident occurred, plaintiff was a patron at defendant's place of business, the Carousel Lounge. Plaintiff testified that she and a friend were dancing about five feet away from the speakers and that the speakers were placed close to the dance floor. During the time plaintiff and her friend were dancing on the dance floor no one else was near the speakers. Additionally, she testified that neither plaintiff nor her friend came into contact with the speakers before the accident. Plaintiff was injured when a speaker that had been stacked on top of another speaker fell off the bottom speaker onto plaintiff while she was dancing, hitting her in the left knee. Defendant testified that the speaker that fell was owned by the band that

SHADKHOO v. SHILO EAST FARMS

[98 N.C. App. 672 (1990)]

was playing at the club and that the band had set up their own equipment.

At the close of all of the evidence the trial court granted defendant's motion for directed verdict. Plaintiff appeals.

*Smith, Patterson, Follin, Curtis, James & Harkavy, by Norman B. Smith, for plaintiff-appellant.*

*Henson Henson Bayliss & Teague, by Jack B. Bayliss, Jr., for defendant-appellee.*

EAGLES, Judge.

Plaintiff contends that the trial court erred in granting defendant's motion for a directed verdict. She argues that the evidence was sufficient to go to the jury on the issue of defendant's negligence. We disagree and affirm the trial court's order.

Defendant's motion for directed verdict, renewed at the close of all of the evidence, presents the question of whether the evidence viewed in the light most favorable to plaintiff will justify a verdict in plaintiff's favor. *Rayfield v. Clark*, 283 N.C. 362, 196 S.E.2d 197 (1973). "[T]he evidence in favor of the non-movant must be deemed true, all conflicts in the evidence must be resolved in his favor and he is entitled to the benefit of every inference reasonably to be drawn in his favor." *Summey v. Cauthen*, 283 N.C. 640, 647, 197 S.E.2d 549, 554 (1973). "It is only when the evidence is insufficient to support a verdict in the non-movant's favor that the motion should be granted." *Rappaport v. Days Inn of Am., Inc.*, 296 N.C. 382, 384, 250 S.E.2d 245, 247 (1979).

Plaintiff contends that the doctrine of *res ipsa loquitur* applies here and that, aided by this doctrine, the evidence is sufficient to submit the case to the jury. The principle of *res ipsa loquitur* is generally stated:

> [W]hen a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen, if those who have the management use the proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care.

*Newton v. Texas Co.*, 180 N.C. 561, 567, 105 S.E. 433, 436 (1920). "For the doctrine [of *res ipsa loquitur*] to apply the plaintiff must

SHADKHOO v. SHILO EAST FARMS

[98 N.C. App. 672 (1990)]

prove (1) that there was an injury, (2) that the occurrence causing the injury is one which ordinarily doesn't happen without negligence on someone's part, (3) that the instrumentality which caused the injury was under the exclusive control and management of the defendant." *Jackson v. Neill McKay Gin Co.*, 255 N.C. 194, 197, 120 S.E.2d 540, 542 (1961).

Plaintiff argues that the trial court erroneously concluded that there was no evidence that the cause of the injury was under the exclusive control and management of the defendant. We disagree. The evidence, in the light most favorable to plaintiff, shows that defendant did not control the placement of the speaker that fell on plaintiff. Although there was testimony that defendant's agents would direct bands not to place their equipment in front of exits and would generally patrol the premises for the safety of patrons, there is no evidence that the defendant had control over the speaker in question.

Since the evidence failed to show that defendant had exclusive control over the instrumentality that caused the injury, i.e., the speaker, the order of the trial court is affirmed.

Affirmed.

Judge ORR concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In my opinion the statement by the majority that the evidence shows that defendant did not control the speakers that fell on plaintiff is incorrect. The speakers, which were about 2 and ½ feet high and weighed 3 or 4 hundred pounds, were situated where defendant directed. Defendant's own evidence was that the bands were "given an area where they could set their speakers up," and that they were told, "Here's the stage, and set up your equipment and your speakers." If the speakers were instruments being used by the band or somebody else this would not be evidence that they were in defendant's control; but the speakers were not used by anybody, they only reproduced sounds, and that they were placed where defendant directed that they be placed when one of them slipped off onto the dance floor and struck plaintiff is evidence that they were in defendant's control. Certainly, they

were not in the control of the band, which could not have placed the speakers elsewhere; and since defendant could have had them placed anywhere it chose, and had employees on the floor who admittedly could have moved or changed the speakers as they saw fit, it can hardly be claimed that they were in no one's control. Since it is unlikely that the speaker would have fallen onto plaintiff if proper care had been used in placing it on the one under it, or further from the dance floor, the evidence raises a question for the jury in my opinion.