DEBRA KAY SHADKHOO v. SHILO EAST FARMS, INC.

No. 253A90

(Filed 10 January 1991)

**Negligence § 6.1 (NCI3d)— speaker falling on nightclub patron— absence of exclusive control—res ipsa loquitur inapplicable**

In an action to recover for injuries sustained by plaintiff when a large speaker fell on her knee while she was dancing at defendant's nightclub, plaintiff's evidence was insufficient to permit her recovery under a res *ipsa loquitur* theory because it established that a band playing at the nightclub had primary control and management responsibilities over the speaker and that the speaker was thus not in the exclusive control of defendant where the evidence showed that the band provided its own equipment, including speakers; defendant only designated an area for locating the speakers, and the band had control of setting up and operating the speakers as well as other band instruments; the only control shown to have been exercised by defendant over the band related to the volume at which the band played its music; and the band was not shown to be defendant's agent.

**Am Jur 2d, Negligence §§ 1870, 1872, 1890; Premises Liability § 61.**

Justice MARTIN dissenting.

SHADKHOO v. SHILO EAST FARMS

[328 N.C. 47 (1991)]

APPEAL by plaintiff pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 98 N.C. App. 672, 391 S.E.2d 841 (1990), affirming a judgment granting defendant's motion for directed verdict entered by *Allen (W. Steven, Sr.), J.,* on 16 February 1989, *nunc pro tunc* 14 February 1989, in Superior Court, GUILFORD County. Heard in the Supreme Court 12 November 1990.

*Smith, Patterson, Follin, Curtis, James, Harkavy & Lawrence, by Norman B. Smith, for plaintiff appellant.*

*Henson Henson Bayliss & Sue, by Jack B. Bayliss, Jr., for defendant appellee.*

WHICHARD, Justice.

Plaintiff seeks recovery for injuries she sustained when a large speaker fell on her knee while she was dancing at defendant's nightclub. The trial court granted defendant's motion for directed verdict at the close of all the evidence, and the Court of Appeals affirmed. *Shadkhoo v. Shilo East Farms,* 98 N.C. App. 672, 391 S.E.2d 841 (1990). Judge Phillips dissented, *id.* at 674-75, 391 S.E.2d at 843, and plaintiff exercised her right to appeal. N.C.G.S. § 7A-30(2) (1989).

In the trial court, the Court of Appeals, and this Court, plaintiff argued that the case was for the jury under the theory of *res ipsa loquitur.* The dissenting opinion in the Court of Appeals relates solely to the "exclusive control" aspect of the *res ipsa* doctrine. Because this appeal is before us pursuant to N.C.G.S. § 7A-30(2), our review is limited to the issue raised in the dissent: whether plaintiff presented sufficient evidence to establish the requisite of the doctrine of *res ipsa loquitur* that the speaker, the instrumentality that caused her injury, was under defendant's exclusive control and management. N.C.R. App. P. 16(b). We hold that she did not, and we thus affirm the Court of Appeals.

Plaintiff alleged in her complaint that on or about 15 January 1987 she was a patron of defendant's Carousel Lounge, a bar and nightclub. While she was dancing there, "a large and heavy amplifying speaker fell from its position atop another speaker, and struck [her] left knee with great force." The fall, she alleged, was caused by defendant's negligence in failing to secure the speaker properly, allowing it to remain in a position from which it was likely to

fall, and "causing [it] to vibrate from loud musical noises in such a way that it was likely to move from its original position and fall." Plaintiff allegedly suffered serious injury to her kneecap and leg bones as a result of the incident. Defendant answered, denying the essential allegations of the complaint.

Plaintiff's evidence tended to show that she and Mark Phillips were dancing at defendant's Carousel Lounge on the evening of 15 January 1987. A band was playing, and high fidelity amplifying speakers were situated around the dance floor. The speakers were stacked by twos, one atop the other. One of the speakers fell, striking plaintiff on her left knee. Neither Phillips nor plaintiff struck the speaker prior to its fall, nor did they observe other patrons strike the speaker. In Phillips' opinion no one was close enough to the speaker to strike it. Neither plaintiff nor Phillips knew of any previous incidents of falling speakers at the Lounge.

Defendant's principal stockholder, Richard Henderson, testified that a band named "Savvy" was playing at the Lounge on the evening in question. The band was obtained through a booking agent and was paid by defendant in one lump sum at the end of its performance. The band provided its own equipment, including speakers. Defendant had no control over the band's musical instruments or its speakers. It only designated an area for locating the speakers, and the band or its road crew did the "setting up." Defendant only corrected dangerous situations that it observed. Defendant kept a manager and security guards on the premises, but they "had nothing to do with any of the band equipment." Defendant had no ownership interest in the speakers. The band had "the control of setting up and operating [the] speakers" as well as the other band instruments. The only semblance of control defendant exercised over any band playing at the club was to request a reduction in volume when the sound exceeded one hundred decibels.

Prior to 15 January 1987, Henderson had not known of any problems with speakers falling at the Lounge. No one had brought to his attention any unsafe condition regarding the speakers prior to the incident with plaintiff.

In reviewing the grant of a motion for directed verdict, the reviewing court "consider[s] the evidence in the light most favorable to the non-movant . . . . [T]he evidence in favor of the non-movant must be deemed true, all conflicts in the evidence must be resolved

in his favor[,] and he is entitled to the benefit of every inference reasonably to be drawn in his favor." *Summey v. Cauthen*, 283 N.C. 640, 647, 197 S.E.2d 549, 554 (1973). " 'On a motion by a defendant for a directed verdict in a jury case, the court must consider all the evidence in the light most favorable to the plaintiff and may grant the motion only if, *as a matter of law*, the evidence is insufficient to justify a verdict for the plaintiff.' " *Kelly v. Harvester Co.*, 278 N.C. 153, 158, 179 S.E.2d 396, 398 (1971) (quoting 5 Moore's Federal Practice, § 41.13(4) at 155 (2d ed. 1969) ).

"*Res ipsa loquitur* is an evidentiary rule which . . . permits a party to prove the existence of negligence by merely establishing the circumstances of an occurrence that produces injury or damage." *Snow v. Power Co.*, 297 N.C. 591, 596, 256 S.E.2d 227, 231 (1979). "For the doctrine to apply the plaintiff must prove (1) that there was an injury, (2) that the occurrence causing the injury is one which ordinarily does [not] happen without negligence on someone's part, (3) that the instrumentality which caused the injury was under the exclusive control and management of the defendant." *Jackson v. Gin Co.*, 255 N.C. 194, 197, 120 S.E.2d 540, 542 (1961).

Plaintiff has the burden of proving each of these elements.

In cases where the plaintiff's evidence is such as to justify the application of the doctrine of *res ipsa loquitur*[,] the nature of the occurrence itself and the inferences to be drawn therefrom are held to supply the requisite degree of proof to carry the case to the jury and to enable the plaintiff to make out a *prima facie* case without direct proof of negligence. However, this does not dispense with the requirement that the plaintiff who alleges negligence must prove negligence, but relates only to the mode of proving it. The fact of the accident furnishes merely some evidence to go to the jury and does not relieve the plaintiff of the burden of showing negligence. Before the plaintiff can be entitled to a verdict he must satisfy the jury by the preponderance of the evidence that the injuries complained of were proximately caused by the negligence of the defendant in the respects alleged.

*Young v. Anchor Co.*, 239 N.C. 288, 291, 79 S.E.2d 785, 788 (1954).

"The doctrine of *res ipsa loquitur* does not apply 'when the instrumentality causing the injury is not under the exclusive control or management of the defendant.' " *Wyatt v. Equipment Co.*,

253 N.C. 355, 363, 117 S.E.2d 21, 26 (1960) (quoting *Smith v. Oil Corp.*, 239 N.C. 360, 367, 79 S.E.2d 880, 884 (1954) ). *See also O'Quinn v. Southard*, 269 N.C. 385, 152 S.E.2d 538 (1967). This Court has stated:

> The rule of *res ipsa loquitur* never applies when the facts of the occurrence, although indicating negligence on the part of some person, do not point to the defendant as the *only* probable tortfeasor. In such a case, unless *additional evidence*, which eliminates negligence on the part of all others who have had control of the instrument causing the plaintiff's injury, is introduced, the court must nonsuit the case. When such evidence is introduced and the only inference remaining is that the fault was the defendant's, the plaintiff has produced sufficient circumstantial evidence to take his case to the jury.

*Kekelis v. Machine Works*, 273 N.C. 439, 444, 160 S.E.2d 320, 323 (1968) (emphasis in original). *See also Sharp v. Wyse*, 317 N.C. 694, 697-98, 346 S.E.2d 485, 487-88 (1986).

Under the facts here, even when viewed in the light most favorable to her, "plaintiff has failed to show that defendant is the only probable tortfeasor." *Sharp v. Wyse*, 317 N.C. at 698, 346 S.E.2d at 488. To recover on a *res ipsa* theory, plaintiff must show that defendant had exclusive control and management of the speaker, the instrumentality that caused her injury. The most the evidence shows is that defendant designated the general area in which the speaker was located. The band, which is not a party to this litigation, provided its own equipment. Defendant had no ownership interest in the equipment and "had nothing to do with" it. The band had control of setting up and operating the speakers as well as the other band instruments.

There was neither allegation nor evidence that the band was defendant's agent. The only control shown to have been exercised by defendant over the band related to the volume at which the band played its music. Under the evidence presented, the band, not defendant, had at least primary control and management responsibilities over the speaker. The speaker therefore was not in the exclusive control of defendant. Thus, "[u]nder the principles governing the application of the doctrine of *res ipsa loquitur*, we hold that this is not a case in which the doctrine may be appropriately applied." *Sharp v. Wyse*, 317 N.C. at 699, 346 S.E.2d at 488.

The other cases from this Court on which plaintiff relies are distinguishable. In *Husketh v. Convenient Systems*, 295 N.C. 459, 245 S.E.2d 507 (1978), the plaintiff was injured when the rotating top of the stool on which she sat in a business establishment suddenly "went backwards" and flipped her onto the floor. Defendant there owned the stools, had been having problems with them, had removed two other stool tops after discovering that they were loose, and had knowledge that children came into the establishment and turned the tops. This Court noted that "a business proprietor retains exclusive control of such seating while it is being used by patrons for the purpose for which it was intended," *Husketh*, 295 N.C. at 462, 245 S.E.2d at 509, and held that the case was properly for the jury under a *res ipsa loquitur* theory. Similarly, in *Schueler v. Good Friend Corp.*, 231 N.C. 416, 57 S.E.2d 324 (1950), the plaintiff was injured when she sat in one of a tier of four chairs attached together and the entire row of seats toppled over backward. This Court concluded that the tier of chairs "was in the complete control of the defendant" and that "under the circumstances 'the accident presumably would not have happened if due care had been exercised.'" *Schueler*, 231 N.C. at 418, 57 S.E.2d at 325.

Thus, in *Husketh* and *Schueler* the plaintiffs established exclusive control and management of the injury-producing instrumentalities in the defendants. Here, by contrast, the evidence established that at least primary control was in another entity which was not shown to be defendant's agent and which is not a party to this litigation.

For the foregoing reasons, the decision of the Court of Appeals is

Affirmed.

Justice MARTIN dissenting.

I find that the evidence in this case viewed in the light most favorable to the plaintiff is sufficient to require a jury determination with respect to the issue of *res ipsa loquitur*. Therefore, I respectfully dissent from the opinion of the majority.

The evidence in the light most favorable to the plaintiff on this issue shows that the defendant owns the lounge where the plaintiff was injured. Plaintiff was an invitee for the purpose of attending a dance at the time in question. On each side of the

dance floor, the defendant maintains stacks of speakers, each stack consisting of two speakers about two and one-half feet in height (the stacks are about five feet high); the speakers weigh between three and four hundred pounds each. Some of the speakers are owned by the defendant, while others are brought in by different bands which are employed by the defendant to play at the lounge. The defendant directs the bands where to set up their speakers, but does not provide any devices for anchoring or fastening the speakers in any fashion. The defendant does have three or four security personnel when the lounge is open who have the duty of insuring the safety of the patrons. At about 11:00 p.m. on the evening in question, the plaintiff was dancing with a partner near a stack of speakers. Without any apparent reason, the upper speaker suddenly fell from its top location and struck the plaintiff's left knee causing her serious and permanent injuries.

The issue in this case is whether there was sufficient evidence for a jury determination of whether the instrumentality involved was under the exclusive control or management of the defendant. *Sharp v. Wyse*, 317 N.C. 694, 346 S.E.2d 485 (1986). In order for an instrumentality to be under the defendant's exclusive control or management, the defendant must have the right and power of control over the instrumentality and the opportunity to exercise it. *Snow v. Power Co.*, 297 N.C. 591, 256 S.E.2d 227 (1979).

In this case defendant clearly had both the right and the power to determine how and where the speakers were placed, and defendant had ample opportunity to exercise such power and actually did so. Defendant's representative testified that he had exclusive control over the lounge and everything within it. He further testified that if he noticed anything about the speakers that he deemed a problem, he would make the band correct the problem or change whatever was necessary.

Furthermore, the defendant in this case had a nondelegable duty to the plaintiff to provide reasonably safe premises for the use of the plaintiff. Under such circumstances the defendant is responsible for the plaintiff's injuries that are a proximate result of the placement of the speakers. In *Snow*, this Court held that exclusive control within the meaning of this doctrine could be shown even though the instrumentality in question was owned and installed by another party. The relevant factor as to exclusive control was that the power company had a duty to inspect and maintain

the instrumentality in question. The Court held that a jury could reasonably infer that the defendant in *Snow* in effect maintained exclusive control over the instrumentality in question.

Likewise, the defendant maintained control and power over the speakers while they were in the lounge, even though they were the property of the band. Defendant's representative told the band where to set up the speakers and prevented placement of the speakers so as not to block the exits. Further, the defendant's representative testified that if the defendant determined that the speakers looked dangerous or had dangerous potential, defendant's representative had the power to make the band change them or to do "whatever was necessary."

The law is clear that defendant owed the plaintiff a nondelegable duty to provide reasonably safe premises for plaintiff's benefit at the time in question. A dance hall proprietor who invites others to enter its place of business is under a legal duty to its patrons to exercise ordinary care to keep the premises in a reasonably safe condition for the use for which it was designed or intended and to give warning of any hidden dangers or unsafe conditions. *Revis v. Orr*, 234 N.C. 158, 66 S.E.2d 652 (1951).

Therefore, it appears to me that plaintiff's evidence, viewed in the light most favorable to her, establishes a prima facie case sufficient to survive the defendant's motion for directed verdict, and that the Court of Appeals erred in affirming the trial court's dismissal of the case.

Although this case is apparently not of major significance to the jurisprudence of the State, it is of utmost importance to the litigants. I believe that the evidence is such that plaintiff is entitled to have a jury pass upon the issues presented by her. I vote to reverse the Court of Appeals.

Justice MITCHELL joins in this dissenting opinion.